LODGED
RECEIVED

APR 28 2011

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

### UNITED STATES DISTRICT COURT
#### for the
### WESTERN DISTRICT OF WASHINGTON

DANIEL SZMANIA,                          )
                                         )
Plaintiff                                )   NO. C11-5330 RJB
    Vs.                          )
                                         )   COMPLAINT FOR
Bank of America Home Loans, Inc., (BAC)  )   DECLARATORY JUDGMENT,
                                         )   PERMANENT INJUCTION
                                         )   AND OTHER
Defendants                               )   EQUITABLE & MONETARY RELIEF
                                         )   DEMAND FOR JURY TRIAL

Plaintiff, Daniel G. Szmania, for its Complaint alleges:

1) The Plaintiff brings this action under:
    A) RCW 19.36.010 Contracts etc. Void unless in writing.
    B) RCW 61.16.010 Assignments, how made-Satisfaction by assignee.
    C) RCW 65.08.070 Real property conveyances to be recorded.
    D) USC Title 12, Chapter 27, 2605, Servicing or Mortgage Loans, {RESPA} (a), (b) (1) (2) (A) (3), (c) (1) (2) (A) (B) (e) (1) (A) (B) (2) (3) (f) (1).
    E) U.C.C. 9-406 Discharge of Account Debtor ;(a) (c), RCW 62A.9A-406 (c).
    F) USC Title 15, Chapter 41, Subchapter III, s/s 1681m, s/s 1681n, s/s 1681o, s/s 1681s Credit Reporting.
    G) USC Title 28, Part VI, Chapter 151, 2201(a), 2202, Declaratory Judgments, (FRCP 57) and RCW 7.24.010 Declaratory Relief: Authority of courts to render.
    H) USC Title 28, Part VI, Chapter 159, 2361, Interpleader, (FRCP 65) and RCW 7.40.010 Injunctive Relief: Who may grant restraining orders and injunctions.
    I) RCW 61.30.110 Forfeiture may be restrained or enjoined.
    J) USC Title 15, Chapter 41>1692, 1692d, s/s 806, 1692e s/s 807, 1692f s/s 808, 1692g s/s809, s/s 1692i, s/s 1692k. Fair Debt Collection Practice Act, (FDCPA)
    K) USC Title 18, Chapter 63> s/s 1341, s/s1342. Fictitious name or address.
    L) USC Title 15, Chapter 41>Subchapter 1>Part B>1641 (g). Liability of assignees.
    M) RCW 62A.3-301(i) Person entitled to enforce instrument.

### JURISDICTION AND VENUE

2) This court has subject matter jurisdiction pursuant to:
    A) RCW 4.12.010, RCW 4.12.020, RCW 4.12.025.
    B) NOTE, page 9 #16. Governing Law.."and the law of the jurisdiction in which the property is located."
    C) RCW 4.28.080 (9), Summons was served on the "head of the company or corporation."
    D) USC Title 12, Chapter 27>2614, Jurisdiction of courts. (Federal question).
    E) USC Title 15, Chapter 41>subchapter III, s/s 1681p. Jurisdiction of courts.

*(Vanc. Flag)*  *T-8650  issu*

**Page 1**



11-CV-05330-CMP

3) Venue is proper in this court per RCW 4.12.025 (3) (a) (c) and 15 USC>Chapter 41>Subchapter V>1692i.

## PLAINTIFF

4) Plaintiff, Daniel G. Szmania, an adult over the age of 18 and a resident of Clark County Washington.

5) Plaintiff is the account debtor on a NOTE which is secured by DEED of TRUST entered into on November 6, 2006 with E-Loan Inc. A Delaware Corporation. *See* Ex A. (FRCP 17(a) Real party in interest).

## DEFENDANTS

6) Defendant, Bank of America Home Loans, BAC, ("BAC Servicing") or also Known as: BAC Home Loans Servicing, LP ("BAC Servicing"), here after BAC, is a Texas limited partnership with its principal place of business in Calabasas, CA. However BAC headquarters and its CEO is in Charlotte, NC.  BAC Servicing transacts or has transacted business in this jurisdiction and venue. The Defendant is in the home loan mortgage and loan servicing business and has millions of customers. Bank of America claims to have 57 million consumers in 40 different countries and is the oldest bank in the USA with net income over 20 Billion a year and a stock price around $14.00 per share with 10.1 billion shares for a $143.7 billion dollar market cap. Defendant recently agreed to pay 2.8 billion to Fannie Mae & Freddie Mac for bad loans sold to them.
The Defendant and its subsidiaries are famous for breaking the law and being sued by individuals, state attorney generals and the federal government. The following states have sued the Defendant: AZ, CA, CT, FL, IN, IL, NY, NV, WA, WV. The SEC, All State Insurance and the FTC. The latest FTC Case No. CV-10-4193, FTC File No. 082 3205. This case cost the Defendant $108,000,000.00 in monetary relief for misleading, deceitful and unlawful acts. **http://www.ftc.gov/os/caselist/0823205/index.shtm**

### NATURE OF ACTION, CAUSE OF ACTION & GROUNDS FOR RELIEF

7) This action is brought to remedy unlawful actions of the Defendant that are directed at the Plaintiff in violation of the Real Estate Settlement Procedures Act, hereafter RESPA; 12 U.S.C. s/s 2601 *et seq.,* and the Fair Debt Collection Practice Act, hereafter FDCPA; 15 U.S.C. s/s 1692 *et seq.,* and the Revised Code of Washington, hereafter RCW and the Uniform Commercial Code, hereafter UCC. The Defendant is illegally trying to collect money on a NOTE that they have:
    A. No permission to collect from the NOTE owner, E-Loan Inc. per a RESPA notice under 12 USC>Chapter 27> s/s 2605.
    B. No assignment of the NOTE or DEED of TRUST has been executed by the NOTE owner, E-Loan to BAC. Per RCW 61.16.010. Assignments how made and the UCC s/s9-406 (c) & RCW 62A.9A-406 (c), Proof of assignment.

    C. No recording of any assignment by E-Loan to BAC has been recorded. Per RCW 65.08.70. Real property conveyances to be recorded.

    D. No contract has been singed and executed by the parties to allow any creation of any debt. Per the Statuette of Frauds and RCW 19.36.010 Contracts etc. Void unless in writing.

This is an illegal attempt at unjust enrichment by the Defendant!

8) Therefore, the Defendant has no legal standing in said NOTE or the collection of payments for said NOTE.

### Count I: Illegal Credit Reporting

9) Furthermore, the Defendant has been illegally reporting to the credit bureaus since before March 8, 2010 in a negative manner even though they have no legal standing to collect monies on my mortgage NOTE. *See* Ex B. This is in clear violation of FDCPA 15 USC>Chapter 41>Subchapter V> 1692g (a) (1) (2) (3) (4) (5). It reads:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**Relief Requested:**

    A) Plaintiff seeks $1,000.00 in statutory damages for the illegal act of reporting. (Per (1) (A) below).

    B) Plaintiff asks for punitive damages in the amount of $10,000.00 a day for each day the Defendant wrongfully, illegally reported on Plaintiffs credit bureaus beginning from March 8, 2010 to the date of this order. (Per (B) (2) below).

    C) Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below).

    D) Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

> 15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a)** In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> (2) _**such amount of punitive damages as the court may allow**_; and
> (3) in the case of any successful action to enforce any liability under this section, the _**costs**_ of the action together with reasonable attorney's fees as determined by the court. _(Emphasis added)._

> Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a)** In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

> 12 USC>Chapter 27>s/s 2605 (f). It reads: **(f)** **Damages and costs**
> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
> (1) Individuals
> In the case of any action by an individual, an amount equal to the sum of—
> (A) any actual damages to the borrower as a result of the failure; and
> (B) _**any additional damages, as the court may allow**_, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000. _(Emphasis added)._

**This court has jurisdiction under:**

15 USC>Chapter 41>subchapter III>s/s 1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate <u>United States district court</u>, without regard to the amount in controversy, *or in any other court of competent jurisdiction*, not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added).*

This false credit reporting is also in clear violation of 15 USC>Chapter 41>Subchapter V>1692e (8). It reads: **Communicating or threatening to communicate to any person *<u>credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.</u>* *(Emphasis added).***

**Relief Requested:**
A) Plaintiff seeks $1,000.00 in statutory damages for the misleading words in violation of not sending a proper FDCPA notice. (Per (a) below).
B) Plaintiff asks for punitive damages in the amount of $1,000,000.00. (Per (B) (2) below).
C) Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below).
D) Cost of this action and reasonable attorney fees.

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:** 15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2) *<u>such amount of punitive damages as the court may allow</u>*; and (3) in the case of any successful action to enforce any liability under this section, the *<u>cost</u>s* of the action together with reasonable attorney's fees as determined by the court.** *(Emphasis added).*

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>s/s 2605 (f). It reads: **(f) Damages and costs**
**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**
**(1) Individuals**
**In the case of any action by an individual, an amount equal to the sum of—**
**(A) any actual damages to the borrower as a result of the failure; and**
**(B)** *any additional damages, as the court may allow*, **in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** *(Emphasis added).*

**This court has jurisdiction under:**

15 USC>Chapter 41>subchapter III>s/s 1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy,** *or in any other court of competent jurisdiction*, **not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added).*

10) Plaintiff disputed the misreporting on April 20, 2010 in a letter sent to Experian, sent certified return receipt. Plaintiff was notified by Experian on May 6, 2010 that the item was "supposedly verified" and a statement of "I HAVE NO KNOWLEDGE OF THIS ACCOUNT" was added. No validation of the debt or corrective/investigative matters was truly done by Experian or Defendant. *See* Ex C.

11) Plaintiff contacted the Defendant numerous times (over 12 times) on the phone only to be informed that they had no mortgage account on file for him and was told the Defendant had no idea than how the credit reporting was happening. Finally Plaintiff visited his local branch of Bank of America on June 2, 2010. The banker, Nathan Quast looked in Defendant's computer system under my ssn#. He found the supposed account and it says "REJECT PAYMENT". Plaintiff was told by this employee that this was an inactive account. *See* Ex D.

**Page 6**

## Count II: Failure to give Proper Notices under FDCPA

12) The **first and only written notification** of any supposed debt and request for collection was received from the Defendant on December 8, 2010, dated November 29, 2010. Please note in the first sentence it reads: "BAC Home Loans Servicing, LP, services your home loan **on behalf of your note (Noteholder)**." *(Emphasis added.)* This implies that the NOTE holder, E-Loan has given permission to BAC to collect payments. This statement is 100% false and is fraud! This violates 15 USC>Chapter 41>Subchapter V>1692e. It Reads: **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.** This letter requesting payment is 10 months after they have been illegally reporting the debt to the credit bureaus. *See* Ex E. Further more, this notice also is in clear violation of RESPA, USC Title 12, Chapter 27>2605 (b) (1) (2) (A), clearly state a RESPA notice needs to be sent 15 days prior of any loan assignment, servicing etc. form the new servicer. *Id* at (c) Notice of Transferee (That be E-Loan) (1) (2) (A) says the notice must be sent 15 prior of any assignment, change of servicer etc. No proper RESPA notice from E-Loan or BAC was ever received 15 day to prior to the false credit reporting by BAC beginning in March 2010 let alone before the November 29, 2010 dated letter from BAC requesting payments. Therefore, both actions by BAC of credit reporting and collection of payments form the Plaintiff are outside the law and make them totally illegal.

> 12 USC>Chapter 27>2605 (b) (1) (2) (A) Reads: **b) Notice by transferor of loan servicing at time of transfer (1) Notice requirement**
> **Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person. (2) Time of notice (A) In general Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).**

**Relief Requested:**

    A) Plaintiff seeks $1,000.00 in statutory damages for the illegal act of not sending a proper RESPA notice. (Per (1) (B) below).
        Plaintiff seeks $1,000.00 in statutory damages for the misleading words in violation of not sending a proper FDCPA notice. (Per (a) below).
    B) Plaintiff asks for punitive damages in the amount of $1,000,000.00. (Per (1) (B) below).
        Plaintiff asks for punitive damages in the amount of $1,000,000.00. (Per (B) (2) below).
    C) Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below).
        Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below).
    D) Cost of this action and reasonable attorney fees.

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**
12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
**(1) Individuals**
In the case of any action by an individual, an amount equal to the sum of—
(A) any actual damages to the borrower as a result of the failure; and
(B) *any additional damages, as the court may allow*, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000. *(Emphasis added).*

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:** 15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a) In general** Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1)
(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
(2) *such amount of punitive damages as the court may allow*; and
(3) in the case of any successful action to enforce any liability under this section, the *cost*s of the action together with reasonable attorney's fees as determined by the court. *(Emphasis added).*

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**
12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
**(1) Individuals**
In the case of any action by an individual, an amount equal to the sum of—
(A) any actual damages to the borrower as a result of the failure; and
(B) *any additional damages, as the court may allow*, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000. *(Emphasis added).*

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**This court has jurisdiction under:**
12>USC>Chapter 27>2614: **It reads: Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the** <u>United States district court</u> *or in any other court of competent jurisdiction*, **for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.** *(Emphasis added).*

**This court has jurisdiction under:**
15 USC>Chapter 41>subchapter III>s/s 1681p. **It reads: An action to enforce any liability created under this subchapter may be brought in any appropriate** <u>United States district court</u>, **without regard to the amount in controversy,** *or in any other court of competent jurisdiction*, **not later than the earlier of—**
**(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added).*

## Count III: Failure to Validate Debt under FDCPA

13) **The first and only written notice** dated November 29, 2010 requesting payment of
$4,715.4, did not include the required statements of FDCPA 15 USC>Chapter
41>Subchapter V>1692g (a) (1) (2) (3) (4) (5). Validation of debts. Thus this noticed
clearly violated *Id.* It requires within 5 days of the first notification, the amount and
name of the debtor to whom the money is owed. BAC failed to provide this
information. This omitted statement does not clearly advise the most "unsophisticated
consumer" that they can dispute the debt. *Jeter v. Credit Bureau, Inc. 760 F. 2d 1168,
1172-75 (11th Cir. 1985)* Further deception is done by the Defendant is paragraphs 2
and 3. *See* Ex E. They read: "If we do not hear from you immediately, we will have
no alternative but to take appropriate action to protect the interest of the Noteholder in
your property. This action may include returning payments that are less than the total
amount due. **Please give this matter your utmost urgent attention.** Please pay the
total amount due immediately. BAC Home Loans Servicing, LP will proceed with
collection action until your account is brought current, and you will be responsible for
all cost incurred in the process to the full extent permitted by law".

When a notice contains language that "overshadows or contradicts" other language
informing a consumer of her rights, it violates the Act. *See Graziano v. Harrison,* 950
F.2d 107, 111 (3d Cir.1991) ("the juxtaposition of two inconsistent statements"
renders the notice invalid under § 1692g). Furthermore, the Defendant clearly failed
again by totally violating the statute, by demanding payment by December 1, 2009 in
a notice dated 11/29/2010 and received by the Plaintiff on December 8, 2010. Not on
only is this under the 30 days allotted the Plaintiff *See Id.* 1692g (a)(4). This also
ensures a late payment will be made by Plaintiff, if the debt was validated and true.
Thus the consumer once again can not know that they have 30 days to dispute the
debt and demand validation as well. *See Graziano, 950 F.2d at 111.* Hence this notice
violates s/s 1692g.

Since Ex E clearly shows that the notice sent by the Defendant violated the act, since
they failed to fulfill the requirements of the act. Thus strict liability is imposed.
*Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62, 63(2d Cir.1993)*
In this case, the Defendant not only totally omitted the proper notices but added in
deceptive and untrue statements regarding its Legal Standing and Privity in the
NOTE.

 FDCPA 15 USC>Chapter 41>Subchapter V>1692g (a) (1) (2) (3) (4) (5).It reads:
**Validation of debts (a) Notice of debt; contents**
**Within five days after the initial communication with a consumer in connection
with the collection of any debt, a debt collector shall, unless the following
information is contained in the initial communication or the consumer has paid
the debt, send the consumer a written notice containing—**

**Page 10**

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**Relief Requested:**

A) Plaintiff seeks $1,000.00 in statutory damages for the illegal act of not sending a proper FDCPA notice. (Per (a) below).

B) Plaintiff asks for punitive damages in the amount of $1,000,000.00. (Per (B) (2) below).

C) Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below).

D) Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under: 15 USC>Chapter 41>Subchapter III>1681n. It reads: Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**

**(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2) _such amount of punitive damages as the court may allow_; and**

**(3) in the case of any successful action to enforce any liability under this section, the _cost_s of the action together with reasonable attorney's fees as determined by the court. (Emphasis added).**

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**
**(1) Individuals**
**In the case of any action by an individual, an amount equal to the sum of—**
**(A) any actual damages to the borrower as a result of the failure; and**
**(B)** *any additional damages, as the court may allow,* **in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** *(Emphasis added).*

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the** *costs* **of the action together with reasonable attorney's fees as determined by the court.**

**This court has jurisdiction under:**

15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate** United States district court, **without regard to the amount in controversy,** *or in any other court of competent jurisdiction,* **not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added).*

14) Plaintiff sent a CEAST & DESIST letter, sent certified return receipt on December 8, 2010. The same day he received the notice. This is Plaintiffs First Qualified Written Request, hereafter QWR. Received by Defendant on December 13, 2010. *See* Ex F.

## DEFENDANTS ONLY CONNECTION TO THE PLAINTIFF

15) In January 2007, only 2 months after the NOTE and DEED were executed by the E-Loan and the Plaintiff. E-Loan gave Countrywide Home Loans permission to collect payments on the NOTE E-Loan owns that is secured by the TRUST DEED on the Plaintiff's residence. This was a proper RESPA notice. *See* Ex G.

**Page 12**

16) This RESPA notice is very clear and precise in its langue. It reads under the heading "NOTICE OF TRANSFER OF LOAN SERVICING" "We are writing to inform you that the servicing of your mortgage loan **(that is the right to collect payments from you)** has been transferred from E-Loan to Countrywide Home Loans, Inc. effective February 1, 2007. Be assured, the transfer of your loan servicing **does not affect the terms or conditions of the loan documents you've already signed**, other than terms directly related to the servicing of your loan." Note: it says Countrywide Home Loans, Inc. Not Countrywide Home Loans Inc. and its successors! Note: it says **"transfer of loan servicing"**; there is no mention of NOTE or DEED assignment or of any rights to successor ship on Countrywide's part. It also keeps the NOTE in full legal standing with no changes! E-Loans intentions were clear and precise! *(Emphasis added)*

17) Defendant purchased Countrywide Home Loans, Inc. (Countrywide) on or about January 11, 2008. Making it self a successor of Countrywide.
http://money.cnn.com/2008/01/11/news/companies/boa_countrywide/index.htm

18) Defendant forever retired the Countrywide name in full on April 27, 2009. This action ended the permission from the NOTE owner; E-Loan that Countrywide could collect payments on said NOTE. http://money.usnews.com/money/blogs/the-home-front/2009/04/27/bank-of-america-retires-countrywide-brand

19) Permission such as the one E-Loan as the NOTE owner gave to Countrywide to collect payments are by definition, are **not an asset!** Therefore the purchase of Countrywide by BAC ended said permission for there was no successor or survivorship clause in the January 16, 2007 RESPA notice from the NOTE owner E-Loan. *See* Ex G.

## DEFENDANT HAS NO LEGAL STANDING

20) The NOTE owner, E-Loan holds all legal standing in said NOTE. Thus only this NOTE owner or (assignor) may assign or give permissions for debt collection of said NOTE. Only this NOTE owner can collect monies on this said NOTE. Only this NOTE owner my exercise it's right to accelerate collection remedies under the NOTE and enforce or start a foreclosure proceeding using the DEED of TRUST.

21) In the absences of such permission or assignment from E-Loan, Defendant has **no legal standing** in the collection, servicing or credit reporting on said NOTE.

22) Therefore the Defendant has **no legal standing** to the NOTE! Without legal possession of the original NOTE, the Defendant can not legally enforce the debt. Only the holder of the original NOTE has evidence of the obligation. Thus making the security interest, the DEED of TRUST unenforceable without possession of the original NOTE. Further more, RCW 61.16.010 and RCW 65.08.070 requires **all** assignments of real property in the state of Washington to be recorded. Period! RCW 65.08.070 reads in part: **Every such conveyance not so recorded is void.** *(Emphasis added).*

**Page 13**

Any argument that the NOTE was "transferred in blank" to a scrutinized pool or trust will not meet the law with the requirement of local recording of land transfers. Any and all transfer to a "blank assignee" is not an assignment to any one! To quote Justice Long: "These blank mortgage assignments were never recorded and they were not legally recordable," *U.S. Bank v. Ibanez, 10694, Supreme Judicial Court of Massachusetts (Boston) January 7, 2011.*

## NO PRIVITY OF NOTE OR DEED

23) Both the NOTE and DEED of TRUST are exclusive contracts entered into by Plaintiff and E-Loan with property rights. Thus any new holders of the NOTE or any trustees, beneficiary and loan servicers must show Privity back to the original NOTE maker. In this case E-Loan. Along with proof of signatures and the authenticity of each signature the Plaintiff will question along with the authority and position of each signature of any holders in due course. Plaintiff has a right to the above in U.C.C 3-308 (a) and Presentment of the original NOTE under U.C.C. 3-501(a). If Defendant can not produce the original NOTE or says it is destroyed, then Plaintiff is entitled to a complete discharge under U.C.C. 3-604 (a). If any alterations are presents, than the Plaintiff demands a complete discharge of the NOTE under U.C.C. 3-407 (b).

24) If a new holder of the NOTE wants to collect payments on said NOTE, in order to show Privity the new NOTE owner must show a contractual negotiation of the original NOTE, with verifiable signatures of all parities, along with legitimate powers of attorney to validate that NOTE in its authenticity under U.C.C. 8-306. Going backwards to show Privity to the original NOTE maker. In this case E-Loan. Plus without Perfection on the DEED of TRUST showing the assignments of the NOTE, the DEED of TRUST becomes null and void per *Carpenter V. Longan, 83 U.S. 271::Volume 83::187,* RCW 61.16.010 & RCW 65.08.070.

25) If a new trustee, beneficiary or loan servicer wants to exercise its rights on a DEED of TRUST. It must show a proper command/order has been given by the true NOTE holder. Once again showing the Privity backwards to the original NOTE maker if there is a new NOTE owner.

26) In the DEED (Ex A)on page 1 & 2 the following words are clearly defined:
  i.  Lender: is E-Loan.
  ii. Trustee: is Chicago Title Company.
  iii. Beneficiary: is MERS.
  iv. Servicer: to be named, "maybe".
Trustee, by definition is "holder of a property on behalf of the beneficiary."*
Beneficiary, by definition is "one who receives money".*
Servicer, by definition is "an entity that collects, monitors loan payments". Wikipedia*.

**Page 14**

The above noted positions (trustee, beneficiary, and servicer) have no legal standing in the DEED of TRUST. Here's why;
By legal definition, the trustee is the holder of property of the beneficiary. MERS is named as the beneficiary in the DEED only. MERS does not hold the NOTE or any beneficial/equitable interest in any property. MERS does not collect payments, loan money; MERS can not suffer a default if monies are not paid.

Therefore MERS has no legal property to hold! MERS is not named on the NOTE. Only the NOTE owner is owed money from the borrower. Deposition of MERS President and CEO, R.K. Arnold on September 5, 2009.
http://livinglies.wordpress.com/2010/03/12/mers-admits-no-interest-in-mortgage-and-no-loss-on-default/

Out of the 4 titles above, only the lender has legal standing and has a right to assignee or collects payments on the NOTE. The trustee, beneficiary and the servicer hold no legal standing in the NOTE and have no equitable interest in the NOTE. They are not mentioned on the NOTE any were. In fact, the term Lender is mentioned 20 times, Note Holder 15 times and Borrower 2 times. Once again showing the Lender, E-Loan holds all legal standing in the NOTE and any collections thereof.

The NOTE reads in number 1: **"BORROWER'S PROMISE TO PAY:** In return for a loan that I have received, I promise to pay U.S. $787,500.00 (This amount Is called "Principal"), plus interest, to the order of Lender. **Lender is E-Loan, Inc.,** A DELAWARE CORPORATION.

I will make all payments under this Note in the form of cash, check or money order. I understand the Lender may transfer this Note. Lender or anyone who **takes** this Note by transfer and who is entitled to receive payments under this Note is called the "**Note Holder.**" Key wording is **take,** which means to have "legal assignment or possession of" said NOTE. *(Emphasis added.) See* Ex A.

However, no were in the DEED does it say that the servicer is the NOTE holder, the trustee or the beneficiary. BAC is "acting" illegally as a "loan servicer" under the false premise of a presumed permission from the real NOTE holder. In this case E-Loan.

Only the Lender who is also the NOTE HOLDER, (E-Loan) has all the legal standing to formally command/order the trustee, beneficiary or the servicer to act in any way or form in the collection, reporting, acceleration or other performances on the DEED. Without such formal command/order from the NOTE holder, those **parties are powerless to perform** in any manner what so ever on the DEED! They have no right to perform on the NOTE, based on the NOTE'S own language! The NOTE is in the "command position" over the DEED. Only the NOTE holder, per the NOTE, has any rights on the NOTE.

**Page 15**

Only formal written commands/orders form the NOTE owner can empower the parties listed on the DEED, (trustee, and beneficiary and loan servicer) to act on its behalf. Period! Only the original NOTE has value, just like a dollar bill. Only the original can be negotiated. A copy of a NOTE is worthless just like a copy of a $5.00 bill is worthless!

27)   Absence of Privity on the NOTE and DEED lacks all legal standing to collect, service, accelerate or invoke a sale on said NOTE or DEED!

28)   To further show no privity on the NOTE & DEED to the Defendant. The Clark County Auditors Office show that the DEED of TRUST with the document number 4246543 (as noted in Ex A) dated November 13, 2006 is still in the name of E-Loan as of the date of December 17, 2010. *See* Ex H.

29)   In Ex E, Defendant say's: "BAC Home Loans Servicing, LP, services your home loan on **behalf of the holder of your note (Noteholder)."** This also proves the Defendant does not have any PRIVITY in the NOTE. If the Defendant had PRIVITY it would say "BAC is now the owner of the NOTE" etc. Plus if BAC had PRIVITY in the NOTE, it would be able to show that Privity in material facts and proof all the way back to the maker of the NOTE, E-Loan.

30)   Further proof of the NOTE owner, E-Loan still having possession of the NOTE is evidenced by a February 18, 2009 Plaintiff letter sent certified, return receipt to Countrywide, (the than servicer) requesting proof of the ownership of the NOTE. *See* Ex I.

31)   Countrywide's response dated March 1, 2009 shows the NOTE and DEED of TRUST singed by Plaintiff and E-Loan, dated November 6, 2006. *See* Ex J. (Since these are duplicates of the documents in Ex A, the first and last page is enclosed in Ex J, in order to save cost and not be repetitive. Plus the documents were sent in legal size paper work too, which would entail almost twice as many 8.5 x 11 copies.)

32)   Additional proof that the NOTE is still owned by E-Loan is evidenced by a Plaintiff letter, sent to E-Loan, the NOTE owner on May 18, 2009. *See* Ex K.

## Claim IV: No Legal Assignment

33)   E-Loan never replied back! Instead I received a letter from the Defendant dated May 21, 2009, that they use MERS as it's recording platform instead of the county clerks office were the property is located. *See* Ex L. This is in violation of RCW 61.16.010 and RCW 65.08.070. This is also in clear violation of the U.C.C. s/s 9-406 (c) Proof of assignment. It reads: **Discharge of account debtor (c) [Proof of assignment.]  Subject to subsection (h), if requested by the** <u>account debtor</u>**, an assignee shall seasonably furnish reasonable proof that the assignment has been made. Unless the assignee complies,** <u>***the account debtor may discharge its obligation by paying the assignor***</u>**, even if the account debtor has received a notification under subsection (a).** *(Emphasis added).*

Further more this is in clear violation of 18 USC >Chapter 63 s/s 1342. **Mail Fraud: Fictitious name or address. It reads: Whoever, for the purpose of conducting, promoting, or carrying on by means of the Postal Service, any scheme or device mentioned in section** <u>1341</u> **of this title or any other unlawful business, uses or assumes, or requests to be addressed by, any fictitious, false, or assumed title, name, or address or name other than his own proper name, or takes or receives from any post office or authorized depository of mail matter, any letter, postal card, package, or other mail matter addressed to any such fictitious, false, or assumed title, name, or address, or name other than his own proper name, shall be fined under this title or imprisoned not more than five years, or both.**

34)   Defendant's reply to Plaintiff's CEAST & DESIST letter, dated December 16, 2010, received on December 21, 2010. Is a standard customer care letter with a copy of my NOTE with E-Loan and the DEED of TRUST with E-Loan. These are the same as Plaintiff's Ex A. This does not prove anything! Any one can order a copy of a NOTE or DEED from any title company in the nation. This does not prove that BAC has a right to collect payments on my NOTE. For all we know, BAC could have stolen this information? This does not prove that BAC has any contractual relationship with the Plaintiff, or of any obligation of performance by the Plaintiff to the Defendant. This does not prove BAC has PRIVITY in the NOTE back to E-Loan. As you see there are no signatures of assignment on the NOTE. All this proves is they have a copy of said documents. Whippy do!  Plus the last 2 pages are copies of my 2nd that has been refinanced since August 20, 2007 with another lender.

However this also proves that E-Loan still owns the NOTE. It is customary for a Lender to hold a NOTE until it is paid in full. There may be many copies of a NOTE. However, the original is the only one that can be endorsed by the NOTE maker to be assigned to a third party for collection of the payments due. In the absences of the original NOTE, BAC holds no legal standing in any way to the NOTE signed by Plaintiff and E-Loan on November 6, 2006. (See Ex A) All the Defendant holds are worthless copies! *See* Ex M.

35) Furthermore, also in the December 16, 2010 packet from the Defendant, was a letter dated October 24, 2009; this is almost 6 full months after the April 27, 2009 date that BAC forever retired the Countrywide name. You can see by this letter that Chase ordered this title search on Plaintiffs address from Nationwide Title Clearing. Once again putting even more doubt out there to who is in this whole mess, messing it up. Once again I must question, has BAC stolen these documents in order to try to commit a fraud by collecting on a debt they have no legal right to collect on? *See* Ex N.

36) All these actions of the Defendant "hi-jacking" my mortgages are out right illegal! The Defendant also just adds this supposed debt on their web site, so that on December 17, 2010 it shows up for the first time. *See* Ex O. Remember, this is the same Defendant that has no legal standing to collect on this debt. The same Defendant that just randomly starting reporting on Plaintiffs credit reports in March 2010. (See Ex B and # 9 above.) This same Defendant that denies the existence of such debt thru their customer service department as noted in # 11 above and also shown in their own customer data base that "payments rejected" on this supposed debt.( *See* Ex D). Hmmm, I should send Mr. Brian Moynihan, (CEO of BAC) a demand for payment letter too on his mortgage. I wonder how he would respond to me? However I won't; after all that would be fraud!

## Claim V: No Legal Privity

37) December 22, 2010 Plaintiff sends Defendant his second QWR, (*See* Ex P, received by the Defendant on 12/27/2010), also via certified, return receipt as the first QWR in #14 Ex F above. Thus meeting the statuary requirement to send a QWR in writing in 30 days from the first notice of a debt. Per 15 USC>Chapter 41>Subchapter V>1692g (b).  This QWR serves as a FULL DISPUTE of the DEBT and REQUEST FOR A VERIFICATION/VALIDATION of the DEBT, OF BANK of AMERICA'S RIGHT TO COLLECT ON THE SUPPOSED DEBT and this qualifies as a QWR, Per RESPA 12 USC>Chapter 27>section 2605 (e) (1) (B) *AND* the FDCPA 15 USC>Chapter 41>Subchapter V>1692g (b).

This QWR "triggers" BAC obligation to properly verify this debt collection. Until that happens, BAC is **REQUIRED TO CEASE ALL** it's collection and reporting efforts on the above noted debt per: 15 USC>Chapter 41>Subchapter V>1692g(b), **Disputed debts. Claim for Relief: It reads: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt*, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.** *(Emphasis added)*.

Since this second QWR falls into the 30 day period of *Id* (b), **the Defendant must cease all collection activities!** *(Emphasis added)*.

The initial communication from the Defendant to the Plaintiff is Ex E as noted in # 12 above. That letter was dated November 29, 2010 and received by the Plaintiff on December 8, 2010. So Plaintiff sending this second QWR on December 22, 2010 is within the prescribe 30 day period in *Id*. Furthermore, the USPS confirms this QWR was received by the Defendant on December 27, 2010 at 09:36 a.m. *See* Ex P.

This QWR qualifies as such under both FDCPA 15 USC>Chapter 41>Subchapter V> 1692g (b) and REPSA 12 USC>Chapter 27>section 2605(e) (1) (B) as well.
    The former reads: **(b) Disputed debts**
***If the consumer notifies the debt collector in writing within the thirty-day period*** **described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt*, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.** *(Emphasis added)*.

 The later reads:
 **(e) (1) (B) Qualified written request**
**For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that— (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.**

**Page 19**

Plaintiff is also protected from any and all credit reporting by the Defendant for 60 days after receipt of each QWR. (*See* Ex F, received on 12/13/2010 by Defendant and *See* Ex P, received on 12/27/2010 by Defendant.) 12 USC>Chapter 27, section 2605 (e) (3) reads: "**Protection of credit rating: During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section <u>1681a</u> of title <u>15</u>).**

RESPA is very clear and precise that the Defendant has only 20 days to acknowlege receipt of the QWR in 12 USC>Chapter 27>section 2605 (e) (1) (A), it reads: **Notice of receipt of inquiry:  If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response *acknowledging receipt of the correspondence within 20 days* (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.** *(Emphasis added).*

RESPA is also very clear and precise that the Defendant has only 60 to fully respond and make it's case in proving it has a legal right and PRIVITY to collect payments in 12 USC>Chapter 27>section 2605 (e) (2), it reads: "**Action with respect to inquiry:  *Not later than 60 days* (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall— (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower); (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—** *(Emphasis added).***

**(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes— (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.**

**Page 20**

**Relief Requested:**

Therefore: the Defendant can not show PRIVITY back to the original NOTE maker, E-Loan, that they have a right to collect payments on said NOTE **within this 60 day requirement** in *Id.*

Plaintiff request a **DECLARATORY JUDGMENT** declaring the Defendant has No Legal Standing in the NOTE or DEED of TRUST in Ex A, and a **PERMANENT INJUNCTION ENJOINING** the Defendant, it's employees, it's contractors, it'subsidaries, it's beneficiaries, it's trust, it's trustee's and it's stock holders, from any and all attempts to:

A)      Collecting monies on this NOTE and its debt in Ex A.
B)      Reporting to any credit bureaus on this NOTE and its debt.
C)      Attempting to accelerate or foreclose on said NOTE or DEED of TRUST.
D)      From further contacting the Plaintiff in regards to this NOTE and its debt.
E)      From communicating to any other third party about this NOTE and its debt.
F)      Destroy all documents regarding this loan and delete all entry's as well in both its own and its affiliates computer' and computer systems.

Please note; that 15 USC>Chapter 41>Subchapter V>1692i Legal actions by debt collectors says: **(a) Venue - Any debt collector who brings any legal action on a debt against any consumer shall— (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located;.** Thus this venue is appropriate.

Plaintiff also seeks the immediate correction on his credit bureaus so the all reporting by BAC on the debt is removed form such bureaus. With verifiable proof sent to the Plaintiff of this removal.

**This court has the authority to render a Declaratory Judgment and a Permanent Injunction under:**

A)      USC Title 28, Part VI, Chapter 151, 2201(a), 2202, Declaratory Judgments, (FRCP 57) RCW 7.24.010 Authority of courts to render.
B)      USC Title 28, Part VI, Chapter 159, 2361, Interpleader, (FRCP 65) and RCW 7.40.010 Who may grant restraining orders and injunctions.
C)      RCW 61.30.110 Forfeiture may be restrained of enjoined.
D)      U.C.C. s/s 9-406 (c) Proof of assignment. It reads: **Discharge of account debtor (c) [Proof of assignment.]  Subject to subsection (h), if requested by the** account debtor, **an assignee shall seasonably furnish reasonable proof that the assignment has been made. Unless the assignee complies, *the account debtor may discharge its obligation by paying the assignor,* even if the account debtor has received a notification under subsection (a).** *(Emphasis added).*

**Page 21**

## CLIAMS FOR ADDIDTIONAL DAMAGES & VIOLATIONS OF LAW

### COUNT VI: Fraud 4 Counts

38) 1-On May 21, 2009 Defendant commits Fraud by responding to a letter addressed to E-Loan. This letter, (*See* Ex L, #33 above), implies that BAC, the Defendant is answering my letter to E-Loan with E-Loans permission. No proof exists to that nexus. *See* Ex K & L.

2- On March 8, 2010 by falsely reporting on Plaintiffs credit bureaus. *See* Ex B.

3- On November 29, 2010 by sending a collection letter to receive payments on a debt they have no legal right to collect payments on. *See* Ex E.

4- On December 31, 2010 by sending a collection letter to receive payments on a debt they have no legal right to collect payments on. *See* Ex T.

18 USC>Chapter 63>1341 "Frauds and swindles" Defines frauds as:

**Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses,**

Since the Defendant did not comply with the FDCPA 15 USC>Chapter 41>Subchapter V> section 1692g Validation of debts (a) (1) (2) (3) (4) (5) which reads:"

**a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written requests within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**Page 22**

**Claim for Fraud:**

Plaintiff's claim has demonstrated reasonable reliance on the fraudulent misrepresentations of the Defendant in the above noted actions and documents here in #38. These actions are defiantly have "intent" to defraud the Plaintiff by seeking payments on a loan that they have no legal standing to collect monies on. Furthermore is there:

(1) Representation of material fact? Yes in Ex B, E, K, and L.

(2) Falsity? Yes, BAC has no permission or PRIVITY to collect payments on NOTE owned by E-Loan. *See* Ex A.

(3) Scienter? Yes, BAC is in the mortgage and loan servicing business for more than 100 years. It knows the proper procedures for loan assignments, servicer permissions needed from a NOTE holder etc.

(4) Reliance? Yes, BAC is the leading loan servicer; they know the law and know better.

(5) Injury? Yes, Plaintiff has already suffered loss to his credit rating, emotional distress, cost or this lawsuit and lost time of income producing hours having to fight off this unnecessary attack.

**Relief Request: Declaratory Judgment and a Permanent Injunction.** *(As noted in # 37).*

## COUNT VII: Mail Fraud 4 Counts

39) 1-Defendant by receiving E-Loans mail that Plaintiff sent to the certified, return receipt dated May 18, 2009 (*See* K, #32 above). In 18 USC>Chapter 63 s/s 1342. Fictitious name or address. It reads: **Whoever, for the purpose of conducting, promoting, or carrying on by means of the Postal Service, any scheme or device mentioned in section 1341 of this title or any other unlawful business, uses or assumes, or requests to be addressed by, any fictitious, false, or assumed title, name, or address or name other than his own proper name, or takes or receives from any post office or authorized depository of mail matter, any letter, postal card, package, or other mail matter addressed to any such fictitious, false, or assumed title, name, or address, or name other than his own proper name, shall be fined under this title or imprisoned not more than five years, or both.**

2- By replying to Plaintiff, dated May 21, 2009 (See Ex L #33 above).

3- By Defendant sending the Plaintiff a demand for payment, dated November 29, 2010, (See Ex E, # 12 above). Per 18 USC>Chapter 63>1341.

4- On December 31, 2010 by sending a collection letter to receive payments on a debt they have no legal right to collect payments on. *See* Ex T.

**Page 23**

**Claim for Fraud:**

Plaintiff's claim has demonstrated reasonable reliance on the fraudulent misrepresentations in the above noted actions and documents here in # 39 and in #38. These actions are defiantly have "intent" to defraud the Plaintiff by seeking payments on a loan that they have no legal standing to collect monies on. Further more the Ex E, K, L and T all show the Defendant using the U.S. Mail to deliver these documents with and intent to defraud and cause injury to the Plaintiff.

**Relief Request: Declaratory Judgment and a Permanent Injunction.** *(As noted in # 37).*

## COUNT VIII; Failure to Comply with Proper RESPA Notice 3 Counts

40) On the following dates, Defendant contacted Plaintiff before sending a proper required RESPA notice detailed in 12 USC>Chapter 27>2605 (c) (1) (2) (A):

   b. May 21, 2009, *See* Ex L, #33 above.
   c. March 8, 2010, *See* Ex B, #9 above.
   d. November 29, 2010, *See* Ex E, #12 above.

The statue reads:

**(c) Notice by transferee of loan servicing at time of transfer**

**(1) *Notice requirement***

**Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.**

**(2) Time of notice (A) In general**

**Except as provided in subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower *not more than 15 days* after the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).** *(Emphasis added).*

**Claim for Damages under non compliance with RESPA:**

The Defendant never complied with the above statute and there fore Plaintiff is entitled to Damages under the following:

12 USC>Chapter 27>2605 (f) Damages and cost: Reads-

**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: (1)Individuals In the case of any action by an individual, an amount equal to the sum of— any actual damages to the borrower as a result of the failure; and (B) *any additional damages, as the court may allow*, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."** *(Emphasis added).*

**Page 24**

**Further more, Plaintiff seeks compensation for economic loss and/or emotional and mental distress. In Carter v. Countrywide Home Loans, Inc., Civil No. 3:07CV651. April 14, 2009. United States District Court, E.D. Virginia, Richmond Division.** http://www.respanews.com/Media/MediaManager/Carter_v_Countrywide.pdf The court said the following: "12 U.S.C. § 2605(f). Thus, **RESPA** does allow recovery of "actual damages." Accordingly, the issue before this Court is whether actual damages under § 2605(f) (1) (A) **may include compensation for economic loss and/or emotional and mental distress**. The first step in construing a statute is to interpret the statutory language in accordance with its "plain meaning." *Boulware v. Crossland Mortgage Corp.*, 291 F.3d 261, 266 (4th Cir.2002).Section 2605 of **RESPA** provides for relief in the form of "any actual damages to the borrower" arising from a violation of said section. The courts that have examined § 2605(f) have consistently found that "actual damages" **includes emotional distress damages**. *See Wright v. LittonLoan Servicing LP*, No. 05-02611-JF, 2006 U.S. Dist. LEXIS 15691, at *9-10 (E.D.Pa. Apr. 4, 2006) (concluding that "**'actual damages' includes damages for non-economic loss, such as pain, suffering, and emotional distress**"); *Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 870 (N.D.Ill.2002) (**"RESPA's actual damages provision includes recovery for emotional distress."**); *Johnstone v. Bank of America, N.A.*, 173 F.Supp.2d 809, 814-16 (N.D.Ill.2001) (**actual damages may include emotional distress**); *Rawlings*, 64 F.Supp.2d 1156, 1165 (M.D.Ala.1999) (**the term "actual damages" includes damages for mental anguish**).The courts which found **RESPA's** actual damages provision to include damages for emotional distress did so on the basis that **RESPA** is a consumer protection statute that should be construed liberally. *See, e.g., Johnstone*, 173 F.Supp. at 816 (finding that "the express terms of **RESPA** clearly indicate that it is, in fact, a consumer protection statute"). **Even courts that have not had occasion to consider the issue of whether** § 2605(f) **permits recovery for emotional distress damages have interpreted RESPA as being a consumer protection statute.** *See Cortez v. Keystone Bank, Inc.*, 2000 U.S. Dist. LEXIS 5705, at *38 (comparing **RESPA** and the Truth in Lending Act (TILA) and finding that "both statutes are consumer protection statutes") Such authority is persuasive whereby Congress has evinced its intent for **RESPA** to be a remedial consumer protection statute. *(Emphasis added)*.

**Relief request:**
A)   Plaintiff seeks $1,000.00 in statutory damages for the illegal act of not sending a proper RESPA notice time 3 times = $3,000.00 (Per (1) (B) below).
B)   Plaintiff asks for punitive damages of $1,000,000.00 for each occurrence or $3,000,000.00 in total. (Per (1) (B) below).
C)   Plaintiff asks for emotional damages in the amount of $1,000,000.00, for each occurrence or $3,000,000.00 total. (Per (1) (B) below).
D)   Cost of this action and reasonable attorney fees.

**Page 25**

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**
**(1) Individuals**
**In the case of any action by an individual, an amount equal to the sum of—**
**(A) any actual damages to the borrower as a result of the failure; and**
**(B) _any additional damages, as the court may allow,_ in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** _(Emphasis added)._

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**
**(1) Individuals**
**In the case of any action by an individual, an amount equal to the sum of—**
**(A) any actual damages to the borrower as a result of the failure; and**
**(B) _any additional damages, as the court may allow_, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** _(Emphasis added)._

**This court has jurisdiction under:**

12>USC Chapter 27>2614: It reads: **Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the <u>United States district court</u> _or in any other court of competent jurisdiction_, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.** _(Emphasis added)._

## COUNT VIIII: Failure to comply with Proper Proof of Assignment 2 Counts

41)   1-On May 21, 2009, *See* Ex L.
2-On November 29, 2010, Defendant failed to provide proper proof of assignments See Ex E, per:
a. U.C.C. s/s 9-406 (c) Proof of assignment.
b. RCW 61.16.010 Assignments, how made.
c. RCW 65.08.070 Real property conveyances to be recorded.

**Claim for Damages for Failure to comply with Proper Proof of Assignment:**
The following exhibits prove the Defendant never filed proper proofs of assignments: EX: E, G, H, I, J, K, L, M, N and S.

**Relief Request: Declaratory Judgment and a Permanent Injunction.** *(As noted in # 37).*

## COUNT X: Failure to Follow the Fair Debt Collections Practices Act 16 Counts

42) Defendant failed to follow (FDCPA) 15 USC >Chapter 41>Subchapter III >1681m (a) (1), (b) (2) (A) (i) (ii) and (c) which is 8 counts on each of the following dates, March 8, 2010 and November 29, 2010, for a total of 16 counts. It reads:
**(a) Duties of users taking adverse actions on basis of information contained in consumer reports**
**If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall— (1) provide oral, written, or electronic notice of the adverse action to the consumer;**

**(b)(2) (A) (i) (ii) & (c) reads:   (2) Duties of person taking certain actions based on information provided by affiliate**
**(A) Duties, generally**
**If a person takes an action described in subparagraph (B) with respect to a consumer, based in whole or in part on information described in subparagraph (C), the person shall—**
**(i) notify the consumer of the action, including a statement that the consumer may obtain the information in accordance with clause (ii); and**
**(ii) upon a written request from the consumer received within 60 days after transmittal of the notice required by clause (i), disclose to the consumer the nature of the information upon which the action is based by not later than 30 days after receipt of the request.**

**Page 27**

**(c) Reasonable procedures to assure compliance**

**No person shall be held liable for any violation of this section if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of this section.**

Along with 5 counts each day under 15 USC> Chapter 41>Subchapter V>1692g (a) (1) (2) (3) (4) (5) on March 8, 2010 and November 29, 2010. It reads: **(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**Claim for Damages for Failure to Follow the Fair Debt Collections Act:**

Since Defendant never sent the proper notices, Plaintiff is entitled to damages under: 15 USC>Chapter 41>Subchapter V>1692K:" **(a) Amount of damages**

**Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—**

**any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, _such additional damages as the court may allow_, but not exceeding $1,000;.** *(Emphasis added).*

If we again look at Carter v. Countrywide Home Loans, Inc., Civil No. 3:07CV651. April 14, 2009. United States District Court, E.D. Virginia, Richmond Division. http://www.respanews.com/Media/MediaManager/Carter_v_Countrywide.pdf

**Page 28**

E) The court said the following: "15 U.S.C. § 1692k. The language of § 1692k and § 2605(f) of **RESPA** are essentially identical. Not surprisingly, courts that have analyzed the FDCPA have held that § 1692k's provisions allow for recovery of ***emotional distress damages***. *See, e.g., Davis v. Creditors Interchange Receivable Mgmt., LLC,* 585 F.Supp.2d 968, 971-73 (N.D.Ohio 2008) **(finding that damages for mental anguish are recoverable under the FDCPA);** *Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182, 185 (D.Del.1991) (noting that both the Fair Credit Reporting Act (FCRA) and the **FDCPA provide for actual damages for emotional distress**). Moreover, the Federal Trade Commission Commentary to the FDCPA has established that "actual damages" for FDCPA violations ***include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses."*** Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50109 (Dec. 13, 1988).***Finding there to be no statutory language limiting the type of actual damages recoverable,*** nor persuasive adverse case precedent, while finding compelling supportive precedent, the Court concludes that the FCPA also allows for the recovery of all provable damages, including those of an emotional nature." *(Emphasis added).*

**Relief Requested:**

    A) Plaintiff seeks $1,000.00 in statutory damages for each count, times 16 = $16,000.00 for the illegal act of reporting. (Per (1) (A) below).

    B) Plaintiff asks for punitive damages in the amount of $10,000.00 a day for each day the Defendant wrongfully, illegally reported on Plaintiffs credit bureaus beginning from March 8, 2010 to the date of this order. (Per (B) (2) below).

    C) Plaintiff asks for emotional damages in the amount of $10,000.00 a day for each day the Defendant wrongfully, illegally reported on Plaintiffs credit bureaus beginning from March 8, 2010 to the date of this order. (Per (1) (B) below)

    D) Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

    15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**

    **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**

**Page 29**

(2) *such amount of punitive damages as the court may allow*; and
(3) in the case of any successful action to enforce any liability under this section, the *cost*s of the action together with reasonable attorney's fees as determined by the court.

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general** Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**
12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
**(1) Individuals**
In the case of any action by an individual, an amount equal to the sum of—
(A) any actual damages to the borrower as a result of the failure; and
(B*) any additional damages, as the court may allow*, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000. *(Emphasis added)*.

**This court has jurisdiction under:**
15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, *or in any other court of competent jurisdiction,*** not later than the earlier of—
(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

## COUNT XI: Defamation of Character of Plaintiff

43) Defendant maliciously and knowingly have caused harm to the Plaintiffs reputation by criminal means as stated above and including violating (FDCPA), USC Title 15>Chapter 41, Subchapter V>1692d, 806 (1). By falsely reporting on Plaintiffs credit bureaus. Proof of damage to the Plaintiffs reputation and credit worthiness *See* Ex Q.

It reads: ***A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*** **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**(1) The use or threat of use of violence *or other criminal means to harm the physical person, reputation, or property of any person.* (Emphasis added).**

**Relief Requested:**
   A)   Plaintiff seeks $1,000.00 in statutory damages for the illegal act of reporting. (Per (1) (A) below).
   B)   Plaintiff asks for punitive damages of $1,000,000. ) Per (B) (2) below).
   C)   Plaintiff asks for Defamation of Character damages in the amount of $1,000,000.00 for the Defendant wrongfully, illegally reported on Plaintiffs and Defaming Plaintiff's Character and reputation by reporting illegal and untrue statement to the credit bureaus beginning from March 8, 2010 to the date of this order. (Per (B) (2) & (1) (B) below).
   D)   Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below).
   E)   Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**
**(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**
**(2) *such amount of punitive damages as the court may allow*; and**
**(3) in the case of any successful action to enforce any liability under this section, the *cost*s of the action together with reasonable attorney's fees as determined by the court. *(Emphasis added).***

**Page 31**

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**

**(1) Individuals**
**In the case of any action by an individual, an amount equal to the sum of— (A) any actual damages to the borrower as a result of the failure; and (B)** _any additional damages, as the court may allow_**, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** *(Emphasis added).*

**This court has jurisdiction under:**

15 USC>Chapter 41>Subchapter III>s/s 1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate** United States district court**, without regard to the amount in controversy,** *or in any other court of competent jurisdiction,* **not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added).*

**COUNT XII: False and Misleading Representations 6 Counts**

44)     Defendant maliciously and knowingly used false and misleading representations in clear violation of (FDCPA), USC Title 15>Chapter 41>Subchapter V>1692e, 807 (2) (A) "legal status" in the following dated material facts:

A  May 21, 2009 *See* Ex L, #33 above.
B.  March 8, 2010, *See* Ex B, #9 above.
C.  November 29, 2010, *See* Ex E, #12 above.
D.  December 31, 2010, *See* Ex T and # 50 below.
E.   January 27, 2011, *See* Ex X and # 52 below.

It reads: **(2) The false representation of—**
**(A) the character, amount,** _or legal status of any debt:_ **or**
*(Emphasis added).*

**Page 32**

**Relief Requested:**

    A) Plaintiff seeks $1,000.00 in statutory damages for the illegal act of reporting for each act, times 6 =   $6,000.00 (Per (1) (A) below).

    B) Plaintiff asks for punitive damages in the amount of $1,000,000.00 for each act or a total of $6,000,000.00. For the Misleading Representations by the Defendant. (Per (B) (2) below).

    C) Plaintiff asks for $1,000,000.00 in emotional damages for each occurrence, or $6,000,000.00 total. (Per (1) (B) below).

    D) Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**
**(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**
**(2) _such amount of punitive damages as the court may allow_; and**
**(3) in the case of any successful action to enforce any liability under this section, the _costs_ of the action together with reasonable attorney's fees as determined by the court.** *(Emphasis added).*

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**

**(1) Individuals**
**In the case of any action by an individual, an amount equal to the sum of—**
**(A) any actual damages to the borrower as a result of the failure; and**
**(B***) any additional damages, as the court may allow***, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** *(Emphasis added).*

**This court has jurisdiction under:**
15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy,** *or in any other court of competent jurisdiction,* **not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added).*

## COUNT XIII: Failure to Communicate that a Disputed Debt is Disputed

45)     Defendant knowingly failed to communicate that the supposed debt it's trying to collect on is in fact a "Disputed Debt", by Plaintiff as of May 6, 2010 (*See* Ex C, # 10 above), in the Defendants letter dated November 29, 2010. (*See* Ex E, # 12 above). This act is in clear violation of (FDCPA), USC Title 15>Chapter 41>Subchapter V>1692e, 807 (8). It reads:
**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a** *disputed debt is disputed.* *(Emphasis added).*

**Relief Requested:**
1. Plaintiff seeks $1,000.00 in statutory damages for the failure to communicate the dispute. (Per (1) (A) below).
2. Plaintiff asks for punitive damages in the amount of $1,000,000.00 for this act or Misleading Representations by the Defendant. (Per (B) (2) below).
3. Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below).
4. Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**Page 34**

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2)** _such amount of punitive damages as the court may allow;_ **and (3) in the case of any successful action to enforce any liability under this section, the** _costs_ **of the action together with reasonable attorney's fees as determined by the court.** _(Emphasis added)._

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs** Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: **(1) Individuals** In the case of any action by an individual, an amount equal to the sum of— **(A)** any actual damages to the borrower as a result of the failure; and **(B)** _any additional damages, as the court may allow,_ in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000. _(Emphasis added)._

**This court has jurisdiction under:**

15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, *or in any other court of competent jurisdiction*, not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added)*.

<u>**COUNT XIV: False Representation of Account Turned Over 3 Counts**</u>

46)   Defendant used false representation that accounts were turned over to itself in clear violation of (FDCPA), USC Title 15>Chapter 47>Subchapter V>1692e, 807 (12). It Reads:

**(12) The false representation or implication *that accounts have been turned over* to innocent purchasers for value.** *(Emphasis added)*.

Violations occurred on the following 3 dates:
a.   May 21, 2009, *See* Ex L, # 33 above.
b.   March 8, 2010, *See* Ex B, #9 above.
c.   November 29, 2010, *See* Ex E, # 12 above.

**Relief Requested:**

1.   Plaintiff seeks $1,000.00 in statutory damages for the illegal act of reporting for each act, time 3 = $3,000.00 (Per (1) (A) below).
2.   Plaintiff asks for punitive damages in the amount of $1,000,000.00 for each act or total of $3,000,000.00. For the Misleading Representations by the Defendant. (Per (B) (2) below).
3.   Plaintiff asks for emotional damages in the amount of $1,000,000.00 for each occurrence or a total of $3,000,000.00. (Per (1) (B) below).
4.   Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under: 15 USC>Chapter 41>Subchapter III>1681n. It reads: Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**

**(2)** *such amount of punitive damages as the court may allow*; and
**(3)** in the case of any successful action to enforce any liability under this section, the *costs* of the action together with reasonable attorney's fees as determined by the court. *(Emphasis added).*

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:
            12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs**
**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**
**(1) Individuals**
**In the case of any action by an individual, an amount equal to the sum of—**
**(A) any actual damages to the borrower as a result of the failure; and**
**(B)** *any additional damages, as the court may allow,* **in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** *(Emphasis added).*

This court has jurisdiction under:
            15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy,** *or in any other court of competent jurisdiction,* **not later than the earlier of—**
**(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** *(Emphasis added).*

**Page 37**

**COUNT XV: Illegal Use of Another Business Name**

47)     Defendant clearly violated (FDCPA) USC Title 15>Chapter 41>Subchapter
V>1692e, 807 (14) on May 21, 2009 when it intercepted and certified, return receipt
letter sent form Plaintiff to E-Loan. Than replied back on its own letter head. *See* Ex
L, #33 above for Defendants letter and *See* Ex K, #32 above for Plaintiffs letter. It
reads:
     **(14) The use of any business, company, or organization name *other than the true
     name of the debt collector's business, company,* or organization. *(Emphasis added).***

**Relief Requested:**
     A) Plaintiff seeks $1,000.00 in statutory damages for the failure to communicate the
        dispute. (Per (1) (A) below).
     B) Plaintiff asks for punitive damages in the amount of $1,000,000.00 for this act or
        Misleading Representations by the Defendant. (Per (B) (2) below).
     C) Plaintiff asks for $1,000,000.00 in emotional damages. (Per (1) (B) below)>
     D) Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award
     under:**
        15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful
        noncompliance: (a) In general Any person who willfully fails to comply with
        any requirement imposed under this subchapter with respect to any
        consumer is liable to that consumer in an amount equal to the sum of— (1)
        (A) any actual damages sustained by the consumer as a result of the failure
        or damages of not less than $100 and not more than $1,000; or
        (B) in the case of liability of a natural person for obtaining a consumer report
        under false pretenses or knowingly without a permissible purpose, actual
        damages sustained by the consumer as a result of the failure or $1,000,
        whichever is greater;
        (2) such *amount of punitive damages as the court may allow*; and
        (3) in the case of any successful action to enforce any liability under this
        section, the *costs* of the action together with reasonable attorney's fees as
        determined by the court. *(Emphasis added).***

        Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for
        negligent noncompliance: (a) In general Any person who is negligent in
        failing to comply with any requirement imposed under this subchapter with
        respect to any consumer is liable to that consumer in an amount equal to the
        sum of— (1) any actual damages sustained by the consumer as a result of the
        failure; and (2) in the case of any successful action to enforce any liability
        under this section, the costs of the action together with reasonable attorney's
        fees as determined by the court.**

**Page 38**

**This court has the authority to render an Emotional Damage, Punitive Damages and
Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs
Whoever fails to comply with any provision of this section shall be liable to
the borrower for each such failure in the following amounts:
(1) Individuals
In the case of any action by an individual, an amount equal to the sum of—
(A) any actual damages to the borrower as a result of the failure; and
(B)** *any additional damages, as the court may allow,* **in the case of a pattern or
practice of noncompliance with the requirements of this section, in an
amount not to exceed $1,000.** *(Emphasis added).*

**This court has jurisdiction under:**

15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any
liability created under this subchapter may be brought in any appropriate
United States district court, without regard to the amount in controversy,** *or
in any other court of competent jurisdiction,* **not later than the earlier of—
(1) 2 years after the date of discovery by the plaintiff of the violation that is
the basis for such liability; or (2) 5 years after the date on which the violation
that is the basis for such liability occurs.** *(Emphasis added).*

## COUNT XVI: Unfair Practices 11 Counts

48)     A) 1 count - Defendant used unfair practice in clear violation of (FDCPA) USC
Title 15>Chapter 41>Subchapter V>1692f, 808 (1), on November 29, 2010 by
trying to collect on a debt that they do not have expressed authorization by the
agreement creating the debt, which is the NOTE. *See* Ex E, # 12 above. It reads:
**A debt collector may not use unfair or unconscionable means to collect or
attempt to collect any debt. Without limiting the general application of the
foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or
expense incidental to the principal obligation**) *unless such amount is expressly
authorized by the agreement creating the debt or permitted by law.* *(Emphasis
added).*

B) 3 counts - Defendant used unfair practice in clear violation of (FDCPA) USC
Title 15>Chapter 41>Subchapter V>1692f, 808 (6) (A), on November 29, 2010,
December 31, 2010 and January 27, 2011. *See* Ex E, T & X. It reads: **(6) Taking
or threatening to take any nonjudicial action to effect dispossession or
disablement of property if—
(A)** *there is no present right to possession of the property claimed as collateral
through an enforceable security interest;* *(Emphasis added).*

**Page 39**

C) 7 counts-*Id*. On the following dates, after receiving credit cards payments on a Bank of America credit card, taken directly out of a Bank of America checking account. The Defendant maliciously and wrongly applied the same amount as the payment in a debit, causing undue harm and further defamation to Plaintiff's reputation. This action tied up Plaintiffs available credit so often times automatic bill payments bounced.

Dates are:

March 31, 2010, April 5, 2010, April 29, 2010, May 25, 2010, June 29, 2010, November 30, 2010 and December 27, 2010. *See* Ex R. This action by the Defendant is obviously intentional, each time I call they reverse the debit. This is clear malice and proof of the action is to cause harm to the Plaintiff and is discrimination as well.

**Relief Requested:**

A) Plaintiff seeks $1,000.00 in statutory damages for each count for the Unfair Practices, $1,000 x 11 = $11,000.00. (Per (1) (A) below).

B) Plaintiff asks for punitive damages in the amount of $1,000,000.00 for each act or Unfair Practice by the Defendant, or $11,000,000.00 total. (Per (B) (2) below).

C) Plaintiff asks for emotional damages of $1,000,000.00 for each act or Unfair Practice by the Defendant, or $11,000,000.00 total. (Per (1) (B) below).

D) Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

15 USC>Chapter 41>Subchapter III>1681n. It reads: **Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2) _such amount of punitive damages as the court may allow_; and (3) in the case of any successful action to enforce any liability under this section, the _costs_ of the action together with reasonable attorney's fees as determined by the court.** *(Emphasis added).*

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.  Page 40**

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: (1) Individuals In the case of any action by an individual, an amount equal to the sum of— (A) any actual damages to the borrower as a result of the failure; and (B) _any additional damages, as the court may allow_, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** _(Emphasis added)._

**This court has jurisdiction under:**

15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate <u>United States district court</u>, without regard to the amount in controversy, _or in any other court of competent jurisdiction_, not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.** _(Emphasis added)._

49)   On January 6, 2011, (dated December 31, 2010), Plaintiff receives Defendants reply to the Plaintiff's December 22, 2010 QWR, Disputing the Debt and Demand for Validation of Debt. (As noted in #37 above and in Ex P). Defendants reply is an exact duplicate of their reply in # 34, Ex M above). That is to say, all they did was reply, dated December 31, 2010 and enclose a copy of the NOTE and DEED of TRUST Plaintiff has with E-Loan as noted in #5 and Ex A above.  _See_ Ex S

Once again, all this proves is the Defendant has a copy machine or requested my documents from any title company in the nation. Whippy do! This does NOT prove the Defendant has a right to collect payments on behalf of E-Loan, nor does it prove the Defendant's PRIVITY back to E-Loan that they purchased said NOTE. Plus the last 2 pages are copies of my second that has been refinanced since August 20, 2007 with another lender. Plus 3rd to the last page is Ex N again showing that Chase ordered this title search. _See_ # 34 & 35 above.

**Page 41**

**So once again, Defendant has NO LEGAL STANDING IN THIS NOTE!**

Relief Requested:

**DECLARATORY JUDGMENT and a PERMANENT INJUNCTION against the Defendant as noted in # 37 above.**

This court has the authority to render a Declaratory Judgment and a Permanent Injunction under:

1) USC Title 28, Part VI, Chapter 151, 2201(a), 2202, Declaratory Judgments, (FRCP 57) and RCW 7.24.010 Authority of courts to render.

2) USC Title 28, Part VI, Chapter 159, 2361, Interpleader, (FRCP 65) and RCW 7.40.010 Who may grant restraining orders and injunctions.

3) RCW 61.30.110 Forfeiture may be restrained of enjoined.

4) U.C.C. s/s 9-406 (c) Proof of assignment. It reads: **Discharge of account debtor (c) [Proof of assignment.] Subject to subsection (h), if requested by the** <u>account debtor</u>, **an assignee shall seasonably furnish reasonable proof that the assignment has been made. Unless the assignee complies,** *<u>the account debtor may discharge its obligation by paying the assignor,</u>* **even if the account debtor has received a notification under subsection (a).** *(Emphasis added).*

## <u>Count XVII Failure to Cease Collection Activity III Counts</u>

50)   On January 7, 2011, Plaintiff receives another bill demanding payment. *See* Ex T. This demand for payment is dated December 31, 2010 and asking for a payment due on January 1, 2011. Also on February 7, 2011, dated January 28, 2011, asking for payment by February 1, 2011.   *See* Ex Y. Than again a demand for payment was received on March 8, 2011, with a date of February 25, 2011 asking for a payment due on March 1, 2011. *See* Ex Z. Since Defendant received the Demand for Validation and Disputed the Debt, per 15 USC>Chapter 41>Subchapter V>1692g (b). (*See* Ex P # 37) It clearly shows the Defendant received this second QWR **which triggers the Cessations of Debt collection on December 27, 2010.**

This collection activity is in violation of 15 USC>Chapter41>Subchapter V>1692g, 809 (b) It reads: **(b) Disputed debts**
*<u>If the consumer notifies the debt collector in writing within the thirty-day period</u>* **described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor,** *<u>the debt collector shall cease collection of the debt,</u>* **or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.** **Page 42**

**Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.** *(Emphasis added).*

This action is also in clear violation of: (FDCPA), USC Title 15>Chapter 41>Subchapter V>1692d, 806.
It reads: *__A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.__*   This action by the Defendant is clear harassment and in clear disregard for the law!!!

**Claim for Damages for Failure to Cease Collection Activity:**

Since Defendant continues to pursue collections on a debt they have no PRIVITY in; Plaintiff is entitled to damages under:
15 USC>Chapter 41>Subchapter V>1692k:" **(a) Amount of damages Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual,** *__such additional damages as the court may allow__*, but not exceeding $1,000;. *(Emphasis added).*

If we again look at Carter v. Countrywide Home Loans, Inc., Civil No. 3:07CV651. April 14, 2009. United States District Court, E.D. Virginia, Richmond Division. http://www.respanews.com/Media/MediaManager/Carter_v_Countrywide.pdf
F)   The court said the following: "15 U.S.C. § 1692k. The language of § 1692k and § 2605(f) of **RESPA** are essentially identical. Not surprisingly, courts that have analyzed the FDCPA have held that § 1692k's provisions allow for recovery of *__emotional distress damages__*. *See, e.g., Davis v. Creditors Interchange Receivable Mgmt., LLC,* 585 F.Supp.2d 968, 971-73 (N.D.Ohio 2008); *McGrady v. Nissan Motor Acceptance Corp.,* 40 F.Supp.2d 1323, 1338 (M.D.Ala.1998) (finding that damages for mental anguish are recoverable under the FDCPA); *Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182, 185 (D.Del.1991) (noting that both the Fair Credit Reporting Act (FCRA) and the **FDCPA provide for actual damages for emotional distress**). Moreover, the Federal Trade Commission Commentary to the FDCPA has established that "actual damages" for FDCPA violations *__include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses."__* Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50109 (Dec. 13, 1988).Finding there to be no statutory language limiting the type of actual damages recoverable, nor persuasive adverse case precedent, while finding compelling supportive precedent, the Court concludes that the FCPA also allows for the recovery of all provable damages, including those of an emotional nature." *(Emphasis added).*

**Page 43**

**Relief Requested:**

    A)  Plaintiff seeks $1,000.00 in statutory damages for each occurrence, = $3,000.00
        (Per (1) (A) below).

    B)  Plaintiff asked for punitive damages in the amount of $1,000,000.00.
        For each occurrence, = $3,000,000.00 (Per (B) (2) below).

    C)  Plaintiff asks for emotional damages in the amount of $1,000,000.00
        For each occurrence, = $3,000,000.00 (Per (1) (B) below).

    D)  Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under:**

        **15 USC>Chapter 41>Subchapter III>1681n. It reads: Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**  ·

        **(2)** _**such amount of punitive damages as the court may allow**_**; and (3) in the case of any successful action to enforce any liability under this section, the** _**costs**_ **of the action together with reasonable attorney's fees as determined by the court.**

        **Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

**This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:**

12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: (1) Individuals In the case of any action by an individual, an amount equal to the sum of— (A) any actual damages to the borrower as a result of the failure; and (B)** *any additional damages, as the court may allow*, **in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** *(Emphasis added).*

**This court has jurisdiction under:**

15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate <u>United States district court</u>, without regard to the amount in controversy,** *or in any other court of competent jurisdiction*, **not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.**

**Page 45**

**Count XVIII Failure to Abide by 12 USC 2605 Fully
Responding to a QWR & Protection of Credit Rating for 60
days after receiving a QWR**

51)     On January 28, 2011 Plaintiff receives Defendants reply to Plaintiffs December
22, 2010 second QWR. *See* EX P #37. This response is dated January 18, 2011.
*See* Ex U.

Plaintiff is entitled to Validation of Privity of BAC's right to collect payments per
15 USC> Chapter 41> Section 1692g (a) (4) (5) & (b). It reads:
**(4) a statement that if the consumer notifies the debt collector in writing
within the thirty-day period that the debt, or any portion thereof, is disputed,
the debt collector will obtain verification of the debt or a copy of a judgment
against the consumer and a copy of such verification or judgment will be
mailed to the consumer by the debt collector; and**
**(5) a statement that, upon the consumer's written request within the thirty-
day period, the debt collector will provide the consumer with the name and
address of the original creditor, if different from the current creditor.**
**(b) Disputed debts If the consumer notifies the debt collector in writing
within the thirty-day period described in subsection (a) of this section that
the debt, or any portion thereof, is disputed, or that the consumer requests
the name and address of the original creditor, the debt collector shall cease
collection of the debt, or any disputed portion thereof, until the debt collector
obtains verification of the debt or a copy of a judgment, or the name and
address of the original creditor, and a copy of such verification or judgment,
or name and address of the original creditor, is mailed to the consumer by
the debt collector.** *(Emphasis added).*

Since the Plaintiff complied with the statutory requirement sending in a QWR
within 30 days, (*See* Ex P #37). Plaintiff is entitled to protection under the law.
Keep in mind, Defendant's **first** notice to Plaintiff of this "supposed" debt was
dated November 29, 2010 and received by Plaintiff on December 8, 2010. *See* Ex
E. Both Plaintiff's QWR's in Ex F, received by Defendant on December 13, 2010
and Ex P received by Defendant on December 27, 2010, both are well within the
30 day statutory requirement of 15 USC> Chapter 41>Section 1692g (a) (b).

Plaintiff is entitled to 60 days of credit protection were NO credit reporting is
allowed by the Defendant per 12 USC>Chapter 27> 2605 (e) (3).

**Page 46**

It reads: **During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of title 15).** *(Emphasis added).*

This statue is clear and precise! There shall be NO credit reporting for 60 days after receipt of a QWR! The Defendant declares in their January 18, 2011 letter in paragraph 6 of page 2. That they removed the credit block as of the date of the letter, January 18, 2011. *See* Ex U.

The plaintiff is afforded credit protection for 60 days from the receipt of each QWR. That would be to March 9, 2011 for the first QWR and to March 28, 2011 for the second QWR. The Defendant has clearly violated this law!

Also, Defendant declares that they will NOT remove negative credit reporting either in January 18, 2011 letter in paragraph 6 of page 2. *See* Ex U.

Further more, the Defendant is negligent in it's duties to fully answer my QWR's in full! They use an excuse that under 12 USC s/s 2605 (B) [should be (b)], they don't have too? This section of 2605 (b) has to do with the initial 15 day notice of loan servicing that is required prior to loan servicing or collection! The Defendant has failed to provide such notice as Plaintiff discussed in # 40 & COUNT VIII above. That is extremely unprofessional for the largest bank in the U.S. to not answer a QWR and to have a response as important as this signed my "customer service". Who is that? Who is the person actually writing this? *See* paragraph 3 page one of Ex U.

Defendant has clearly violated 12 USC>Chapter 27>2605 (e) **Duty of loan servicer to respond to borrower inquiries. (2) Action with respect to inquiry: Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall— (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);**

**(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes— (i) to the extent applicable, a statement of the reasons for which <u>the servicer believes the account of the borrower is correct as determined by the servicer</u>; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes— (i) <u>information requested by the borrower</u> or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.** *(Emphasis added).*

Here the Defendant is arrogantly refusing to correct Plaintiffs credit reports! *See* Ex U, paragraph 6 page 2.

The Defendant also acknowledges the material fact that Countrywide and Bank of America did NOT originate this loan. *See* Ex U, paragraph 5 page 1.

Defendant regresses by now throwing in another lie like a toddler by saying "The owner of this loan is JP Morgan Chase....Bank of America services the loan on behalf of the owner". *See* Ex U paragraph 1 page 2. Once again, prove PRIVITY that the NOTE owner E-Loan has sold the NOTE to another party and that JP Morgan Chase can prove PRIVITY all the way back to E-Loan.

Material facts to prove that JP Morgan Chase is NOT the owner of the NOTE are in: *See* Ex V and *See* Ex W. In Ex V is a **MERS MIN# 1000396-1001102711-6** search done on January 30, 2011. This MIN# is the same on the DEED OF TRUST is Ex A, dated November 6, 2006. It shows BAC as both the investor and servicer. Even MERS is not a legal accepted recording venue; it just goes to show that the Defendant is full of it!

Also in Ex W is a Clark County Auditor search of the subject property. On January 31, 2011 you'll see that the **DEED OF TRUST # 4246543** dated Nov 6 2006, (the same one in Ex A on the DEED OF TRUST), is still there and NO proper assignment has been Indorsed from E-Loan to either Bank of America (BAC), or JP Morgan Chase. So once again the Defendant is full of it!

Also regardless, E-Loan has NEVER did a proper RESPA 15 day notice per 12 USC>Chapter 27>2605 (b) (1) (2) nor has JP Morgan Chase or BAC! Plus E-Loan or Chase never did a proper notice per 15 USC>Chapter 41>Subchapter 1>1641 (g). It reads: **Notice of new creditor (1) In general In addition to other disclosures required by this subchapter, <u>not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer</u>, including— (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor. (2) Definition: As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.**

So once again, BAC has NO LEGEL STANDING to collect payments on Plaintiff's NOTE with E-Loan! Plus NO PRIVITY has been proven back to E-Loan from either BAC or JP Morgan Chase!

That is why on March 24, 2011 the Plaintiff discharged his obligation to pay either BAC or JP Morgan Chase, per the UCC 9-406(c) and RCW 62A.9A-406 (c). It reads: Proof of assignment. **Subject to subsection (h) of this section, <u>if requested by the account debtor, an assignee shall seasonably furnish reasonable proof that the assignment has been made. Unless the assignee complies, the account debtor may discharge its obligation by paying the assignor,</u> even if the account debtor has received a notification under subsection (a) of this section.** Delivered and signed for: March 28, 2011. *(Emphasis added). See* Ex AA

Thus, E-Loan the holder of the NOTE is still the only entity entitled to enforce collection on said NOTE per RCW 62A.3-301. It reads: **Person entitled to enforce instrument: "Person entitled to enforce" an instrument means (i) <u>the holder of the instrument,</u>** *(Emphasis added).*

Further default to Defendants case and lies are;

    A) *Carpenter V. Longan, 83 U.S. 271::Volume 83::187,* It reads: **The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, <u>while an assignment of the latter alone is a nullity.</u>** MR. JUSTICE SWAYNE. *(Emphasis added).*

**Page 49**

B) RCW 19.36.010 Contracts, etc., void unless in writing. **In the following cases, specified in this section, any agreement, contract and promise <u>shall be void</u>, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized,** (*Emphasis added*).

C) RCW 61.16.010 Assignments, how made-Satisfaction by assignee. **Any person to whom any real estate mortgage is given, or the assignee of any such mortgage, may, <u>by an instrument in writing, signed and acknowledged in the manner provided by law entitling mortgages to be recorded,</u>** (*Emphasis added*).

D) RCW 65.08.070 Real property conveyances to be recorded. <u>**Every such conveyance not so recorded is void.**</u>. (*Emphasis added*).

E) DEED OF TRUST, *See* Ex A, page 9 # 20. It reads: <u>**Sale of NOTE etc, The NOTE or partial interest in the NOTE (together with this Security Interest) can be sold**</u> **one or more times** without prior notices to Borrower. ***(Emphases added)*** *** Statement made before enactment of USC 15>Chapter 41>Subchapter 1641(g) Which requires a 30 day notice to borrow when a sale or assignment occurs. (2009).*

Therefore, not only is case law form the U.S. Supreme Court in favor of Plaintiff, but also the law of the land as well as the consummated contracted reflected in the NOTE and the Perfected DEED OF TRUST between the Plaintiff and E-Loan.

**Page 50**

**Relief Requested:**

A)   Plaintiff seeks $1,000.00 in statutory damages. (Per (1) (A) below).

B)   Plaintiff asked for punitive damages in the amount of $1,000,000.00.
     (Per (B) (2) below).

C)   Plaintiff asks for Defamation of Character damages in the amount of
     $1,000,000.00 for the Defendant wrongfully, illegally reported on Plaintiffs
     and Defaming Plaintiff's Character and reputation by reporting illegal and
     untrue statement to the credit bureaus beginning from March 8, 2010 to the
     date of this order. Furthermore refusing to correct per January 18, 2011 letter
     of Defendant. (Per (B) (2) & (1) (B) below).

D)   Plaintiff asks for emotional damages in the amount of $1,000,000.00
     (Per (1) (B) below).

E)   Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost
Award under: 15 USC>Chapter 41>Subchapter III>1681n. It reads: Civil
liability for willful noncompliance: (a) In general Any person who willfully
fails to comply with any requirement imposed under this subchapter with
respect to any consumer is liable to that consumer in an amount equal to the
sum of— (1) (A) any actual damages sustained by the consumer as a result of
the failure or damages of not less than $100 and not more than $1,000; or
(B) in the case of liability of a natural person for obtaining a consumer report
under false pretenses or knowingly without a permissible purpose, actual
damages sustained by the consumer as a result of the failure or $1,000,
whichever is greater;
(2) _such amount of punitive damages as the court may allow_; and
(3) in the case of any successful action to enforce any liability under this
section, the _costs_ of the action together with reasonable attorney's fees as
determined by the court.**

**Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: Civil liability for
negligent noncompliance: (a) In general Any person who is negligent in
failing to comply with any requirement imposed under this subchapter with
respect to any consumer is liable to that consumer in an amount equal to the
sum of— (1) any actual damages sustained by the consumer as a result of the
failure; and (2) in the case of any successful action to enforce any liability
under this section, the costs of the action together with reasonable attorney's
fees as determined by the court.**

**Page 51**

This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:   12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs: Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:** **(1) Individuals** **In the case of any action by an individual, an amount equal to the sum of—** **(A) any actual damages to the borrower as a result of the failure; and** **(B)** *any additional damages, as the court may allow*, **in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** *(Emphasis added).*

This court has jurisdiction under:

15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate** <u>United States district court</u>, **without regard to the amount in controversy,** *or in any other court of competent jurisdiction*, **not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.**

52)      On February 3, 2011 Plaintiff receives Defendant's letter dated January 27, 2011. *See* Ex X. On page 1, the Defendant claims fraudulently that they can accept payments, modify, accept a deed in lieu and even authorize a short sale on a property they have no LEGAL STANING to collect payments on and have filed to prove NOTE PRIVITY back to E-Loan.

Further more on page 2, paragraph 5, Defendant make another illegal, fraudulent statement: "WHILE YOUR OBLIGATION TO BAC HOME LOANS SERVICING, LP MAY HAVE BEEN **DISCHARGED**, BY OPERATION OF THE **LAW**  BAC HOME LOANS SERVICING, LP HAS **RETAINED THE ABILITY TO ENFORCE ITS RIGHTS AGAINST THE PROPERTY SECUTRING THE LOAN IN THE EVENT OF DEFAULT."

This statement just goes to show you that BAC just doesn't think it's above the law; it thinks it is the law!

BAC has NO permission from E-Loan to collect payments!
BAC has NO rights under the NOTE to do jack!
BAC has NO rights under the DEED OF TRUST to do jack!

Legally, when a debt is **discharged**, so are all the rights to collect on said debt!

**Page 52**

**COUNT XIX FAILURE TO CEASE COLLECTION AND
CREDIT REPORTING AFTER MANDATORY CEASE
TRIGGERED BY 15 USC 1692g (b) VALIDATION &
VERIFICATION NOTICE & OBLIGATION WAS
DISCHARGED BY DEBTOR**

53)   On April 7, 2011 Plaintiff receives yet another attempt by the Defendant to collect on this debt. *See* Ex BB. What is really amazing is the Plaintiff has Discharged his Obligation to pay the Defendant, per QWR dated March 24, 2011. *See* Ex AA and #51. This QWR was received and signed for by the Defendant on March 28, 2011. This QWR also was sent U.S. Mail Certified, Return Receipt.

Plaintiff has a legal right to Discharge the Obligation per the NOTE & DEED of TRUST and RCW 62A9A.406(c) and the U.C.C. Article 9-406 (c). Defendant had 60 days per RESPA, 12 USC>27>2605 (e) (2) to prove a Legal Standing to collect payments and or Privity back to the original NOTE owner E-Loan. **The Defendant failed on both counts!** All they did was send copies of the original NOTE & DEED (same as in Ex A) which only proves they own a copy machine. Defendant than again for the 3rd time sends a third copy of the NOTE and DEED of TRUST as in Ex A, dated April 7, 2011, received by Plaintiff on April 15, 2011. *See* Ex CC. (These are just copies of Ex A that the Defendant has provided now three times! *See* Ex M, Ex S and Ex CC).

What is really disturbing is that Chase ordered these documents as noted in Ex N, (that was enclosed in Ex M & Ex S).If you look in Ex M & Ex S, you'll see copies of the loan application with Plaintiffs social security number, full date of birth and bank account and credit account numbers of the Plaintiff. (They have been REDACTED for the Plaintiff's protection).

First off this is a privacy violation of the Plaintiffs personal information and secondly, Chase has NO LEGAL right to order these documents. Thirdly, they should have never been copied and released form the original lender, E-Loan. This is in clear violation of the FACTA act of 2003 and the disposal requirement as of June 1, 2005. Along with being in  clear violation of the Gramm-Leach-Bililey Act, (November 12, 1999) giving a person a right to opt out of sharing and further protection of private information, such as social security numbers and date of birth etc. and sharing of account numbers is strictly prohibited under both acts!

Keep in mind, Plaintiff did demand Validation and Verification of this debt within the 30 statutory requirement of 15 USC>41>V>1692g (b), (*See* Ex P and #37 above), after the initial receipt for a demand or payment on December 8, 2010. *See* Ex E.

**Page 53**

In this QWR, (*See* Ex AA), the Plaintiff clearly warned the Defendant on page 2. That if any further credit reporting or attempts at any debt collection on this debt happened; Plaintiff would seek Damages in the amount of $100,000.00 per day from March 28, 2011 the date the Defendant received said warning.

On April 16, 2011 Plaintiff receives the most outrageous letter yet from the Defendant. This letter dated April 7, 2011 (*See* Ex DD) is in response to Plaintiffs 3rd QWR dated March 24, 2011. (*See* Ex AA #51 above). In this QWR Plaintiff discharged his obligation to pay BAC or JP Morgan Chase for they did not prove a **legal standing in the NOTE or a right to collect payments** as noted above. Also as noted above in this #53, Plaintiff has a legal right to Discharge his obligations to BAC and JP Morgan Chase per the NOTE & DEED of TRUST and RCW 62A9A.406(c) and the U.C.C. Article 9-406 (c). (The U.C.C. has been adopted by all 50 states).  Defendant **had 60 days** per RESPA, 12 USC>27>2605 (e) (2) to prove a Legal Standing to collect payments and or Privity back to the original NOTE owner E-Loan. **The Defendant failed on both counts!**

This letter says in paragraph 2: "Bank of America has **carefully reviewed** the information you provided and **has determined that your inquiry does not appear to be specifically related to a servicing concern related to your loan."** This statement is a clear lie!

Paragraph 3 goes on to say: "Your loan remains in **full force and effect, and we will continue to service your loan in accordance with the valid, binding loan documents that you signed."** *(Emphasis added)*. This statement is also a clear lie! Plaintiffs Obligation to the Defendant has been Discharged! Period! Plaintiff is only bound to the NOTE owner, E-Loan. Also the statement that they won't call is a lie as well! On April 18, 2011 Defendant calls again at 20:02 hours from 800-669-0102 to harass Plaintiff some more.

On April 17, 2011 Plaintiff runs another credit report. As you'll see there are 19 items on this report, with 18 positive standing accounts and only 1 negative account out of those 19 accounts listed. **That one and only negative** account is by the Defendant, Bank of America, (BAC). *See* Ex EE. Defendant has **no legal** right to be reporting on the Plaintiffs credit reports. As noted in # 18 and #19 above, the Defendant forever retired the Countrywide name on April 27, 2009. This action ended the permission the NOTE owner E-Loan gave to Countrywide to collect payments. *See* Ex G & # 15 above. As noted also in #18 and #19 above, **no successor ship or survivorship clauses** are written in that RESPA notice in Ex G. As noted on the credit report, you'll see that the Defendant is reporting past due as of March 2010 and account verified as of May 2010. That is 11 and 13 months respectfully **after** the retirement of the Countrywide name. *See* Ex EE. (Note credit dispute statement on the bottom: "I HAVE NO KNOWLEDGE OF THIS ACCOUNT" as noted in #10 & Ex C).

**Page 54**

Therefore the Defendant can not assert the legal rights of third parties or make a claim for relief of third parties. It is obvious to the Plaintiff that is what the Defendant is trying to do for its own illegal unjust enrichment. In this case the third party is E-Loan. *Warth v. Seldin* 422 U.S. 490, 499 (1975).

Another example of how detrimental the Defendants actions of illegally reporting on Plaintiffs credit is demonstrated in a denial by Discover Card for a credit card on March 2, 2011. Keep in mind, this one negative reporting has ruined the Plaintiffs credit rating. Plaintiff has 18 accounts in good standing and just this one bad false reporting by the Defendant has the Plaintiff paralyzed in the credit department. *See* Ex FF.

Since the Defendant **failed to prove legal standing** in this loan within the statutory 60 days allowed, *(See* # 51 above). The Defendant is not a Real Party in Interest in the NOTE. Also **the non perfection** of a new DEED of TURST clearly is more evidence to this material fact. Once again as of April 18, 2011, the Clark County Auditors web site shows no new deeds replacing the DEED of TRUST number 4246543, dated November 13, 2006 (as in Ex A, the original DEED with E-Loan). The bottom line is with no legal standing the Defendant could never give a clear title to the Plaintiff. *See* Ex GG, Ex W and Ex H.

Defendant clearly has NO regard for the laws of this country! Per 15 USC>41> 1692g (b), on the day the Defendant received that 3rd QWR notice, (December 27, 2011, *See* Ex P & # 37), it **TRIGGERED A REQUIRED CEASE TO ALL COLLECTION AND REPORTING EFFORTS ON THIS DEBT! PERIOD!**

Let's further add to the Defendant long list of illegal activities. An extensive search of the Washington State Department of Financial Institutions shows that Bank of America Home Loans **does NOT have or NEVER has been licensed** in the State of Washington as a mortgage lender, loan servicer or debt collection agency. The latter two is what the Defendant is illegally acting as. *See* Ex HH.

To sum it up, we have the largest bank in the U.S. **illegally reporting** on the Plaintiffs credit. Illegally trying to unjust enrich them selves on a loan they have **no legal permissions or legal standing in!** Yep, that's what we have here.

"**The real party in interest** in a federal action to enforce a note, whether in bankruptcy court or federal district court, **is the owner of a note.** Unless the name of the actual note holder can be stated, the very pleadings are defective." *(Emphasis added).* F.R. Civ P. 17. (In re Hwang, 396 B.R. at 766.) And restated in F.R. Bank P. 7017.

**Page 55**

Since the Defendant can not follow the laws of this land, made specifically for the industry it has operated in for hundreds of years. Plaintiff's believes the $100,000.00 a day in Damages is more than justified!

The Defendant thinks and acts like it can just intimidate and bully home owners with total disregard for the law! The actions of the Defendant are out right illegal and despicable! The above noted actions are clearly a pattern and a practice of non compliance per 12 U.S.C. 2605 (f)(1)(B).

**Relief Requested:**

A)   Plaintiff seeks $1,000.00 in statutory damages. (Per (1) (A) below).

B)   Plaintiff asked for punitive damages in the amount of $50,000.00 A day from March 28, 2011. (Per (B) (2) below).

C)   Plaintiff asks for emotional damages in the amount of $50,000.00 A day from March 28, 2011. (Per (1) (B) below).

E)   Cost of this action and reasonable attorney fees. (Per (B) (3) below).

**This court has the authority to render a Damage, Punitive Damages and Cost Award under: 15 USC>Chapter 41>Subchapter III>1681n. It reads: Civil liability for willful noncompliance: (a) In general Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**
**(2) _such amount of punitive damages as the court may allow_; and**
**(3) in the case of any successful action to enforce any liability under this section, the _cost_s of the action together with reasonable attorney's fees as determined by the court.**

Also 15 USC>Chapter 41>Subchapter III>1681o. It reads: **Civil liability for negligent noncompliance: (a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

This court has the authority to render an Emotional Damage, Punitive Damages and Cost Award under:   12 USC>Chapter 27>2605 (f). It reads: **(f) Damages and costs: Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: (1) Individuals In the case of any action by an individual, an amount equal to the sum of— (A) any actual damages to the borrower as a result of the failure; and (B)** _any additional damages, as the court may allow_**, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.** _(Emphasis added)._

This court has jurisdiction under:

15 USC>Chapter 41>subchapter III>1681p. It reads: **An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy,** _or in any other court of competent jurisdiction,_ **not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.**

**PRAY FOR RELIEF**

WHERFORE, Plaintiff, Daniel Szmania prays for relief as follows:
DEMAND FOR A JURY TRIAL. And:

1. Plaintiff prays for a **Declaratory Judgment** declaring Defendant has No Legal Standing in the NOTE or DEED of TRUST in Ex A and an Immediate and **Permanent Injunction Enjoining** the Defendant Estopping any and all collection activities on said NOTE and DEED of TRUST and credit reporting and acceleration or foreclosure actions and **Order the Defendant to Destroy All Documents it has with the Plaintiffs information regarding said loan and Delete All Information or Data in its systems or its Affiliates systems regarding said loan.**

Defendant had 60 days to prove Privity on the NOTE per RESPA 12 USC>Chapter 27>s/s 2605 (e) (2) from December 27, 2010, Plaintiff's QWR dated December 22, 2010. *See* Ex P. 60 days minus holidays, weekends is March 24, 2011. Defendant should have had legal standing before the credit reporting and the debt collections!

2. Plaintiff also asks that the Defendant report to all 3 credit reporting bureaus that the loan is current and has never been past due and remove all entries by BAC on Plaintiffs credit bureaus.

3. Plaintiff is entitled to reasonable; **Statutory Damages, Punitive Damages, Emotional Distress Damages and Defamation of Character Damages and Damages** as proven at trial. Each pray for statutory, punitive, and emotional damages is specifically authorized per federal statue cited in the pray for relief. This court should consider **Speculative Damages** as well, since the Plaintiff's reputation and credit has been ruined by the Defendant. The preponderance of evidence shows the illegal acts the Defendant has committed for its own unjust enrichment.

Further more, the Act's (FDCPA: 15 USC>Chapter 41>Subchapter V>1692g) damage provisions are very similar to those under the Truth in Lending Act (TILA), 15 USC>Chapter 41>Subchapter I >1640(a). Under TILA, *statutory damages are available merely on proof of a violation; no proof of actual damages is required. Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 376-77, 93 S.Ct. 1652, 1664-65, 36 L.Ed.2d 318 (1973); *Dzadovsky v. Lyons Ford Sales, Inc.,* 593 F.2d 538, 539 (3d Cir. 1979); *Gennuso v. Commercial Bank & Trust Co.,* 566 F.2d 437, 443 (3d Cir. 1977).

The act also gives great latitude to a court in considering damages. In 15 USC>Chapter 41>Subchapter V>1692k (b) (1). It reads: **(b) Factors considered by court** *In determining the amount of liability* in any action under subsection (a) of this section, the court shall consider, among other relevant factors—
(1) in any individual action under subsection (a)(2)(A) of this section, *the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional*; or..
*(Emphasis added).*                    **Page 58**

*__The decision on whether to award "additional damages" and on the size of any such award is committed to the sound discretion of the court.__ See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d at 27 (__FDCPA gives courts "ample discretion" in assessing damages__); see also __Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir.1989) (decision to award "additional damages" is "discretionary").The court must, however, consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any "additional damages" awarded.__ See 15 USC>Chapter 41>1692k (b). (Emphasis added).*

The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the court. *See Clomon v. Jackson,* 988 F.2d at 1322. All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award.

Also the FDCPA provides for liability for attempting to collect an unlawful debt, however, and permits the recovery of statutory damages up to $1,000 in the absence of actual damages. Thus, ___courts have held that actual damages are not required for standing under the FDCPA.___ *See Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir.1998) (The plaintiff who admittedly owes a legitimate debt has standing to sue if the Act is violated by an unprincipled debt collector."); *Baker v. G.C. Servs. Corp.,* 677 F.2d 775, 777 (9th Cir.1982) (same); *cf. Gambardella v. G. Fox & Co.,* 716 F.2d 104, 108 n. 4 (2d Cir.1983) (noting that "[i]t is well settled ... that proof of actual deception or damages is unnecessary to a recovery of statutory damages" under the Truth in Lending Act). *(Emphasis added).*

4. Plaintiff also asks for full reimbursement for the cost of this court case.

5. Such other relief this court deems proper.

_____
Daniel Szmania, pro se'   April 24, 2011

Presented: Daniel Szmania, Plaintiff, pro se.
17005 NE 164th Ave., Brush Prairie, WA 98606
360-260-2280 Fax 360-604-0566
dszmania@quixnet.net

Defendants: Bank of America Home Loans Inc., (BAC)
Headquarters: 401 N. Tryon St., Charlotte, NC 28255
Phone: 877-898-5018, 704-386-5681

**Page 59**

# TABLE OF AUTHORITIES

## Table of Cases

1) *Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62, 63 (2d Cir.1993).* Page 10.
2) *Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir.1991)* Page 10.
3) *Jeter v. Credit Bureau, Inc. 760 F. 2d 1168, 1172-75 (11th Cir. 1985)* Page10.
4) *U.S. Bank v. Ibanez, 10694, Supreme Judicial Court of Massachusetts (Boston)* Page 14.
5) *Carpenter V. Longan, 83 U.S. 271::Volume 83::1872.* Page 14 & 49.
6) F.R. Civ P. 17. (In re Hwang, 396 B.R. at 766.) & F.R. Bank P. 7017.Page 55.
7) *Warth v. Seldin* 422 U.S. 490, 499 (1975). Page 55.
8) *Dzadovsky v. Lyons Ford Sales, Inc., 593 F.2d 538, 530 (3rd Cir 1979)* Page 58.
9) *Gennuso v. Commercial Bank & Trust Co., 566 F. 2d 437, 443 (3rd Cir. 1977)* Page 58.
10) *Mourning v. Family Publications Service, Inc., 411 U.S. 356, 376-77, 93 S.Ct. 1652, 1654-65, 36 L. Ed.2d 318 (1973)* Page 58.
11) *Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir.1982)* Page 59.
12) *Clomon v. Jackson,* 988 F.2d at 1322. Page 59.
13) *Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir.1989)* Page 59.
14) *Gambardella v. G. Fox & Co., 716 F.2d 104, 108 n. 4 (2d Cir.1983)* Page 59.
15) *Keele v. Wexler, 149 F.3d 589, 594 (7th Cir.1998)* Page 59.
16) *Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d at 27 (2d Cir.1989).* Page 59.