UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL G SZMANIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA HOME LOANS, INC.,<br><br>　　　　　Defendant. | CASE NO. 11-5330 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM A DEADLINE AND VARIOUS OTHER MOTIONS |

This matter comes before the Court on Bank of America Home Loans Servicing LP's ("BAC") Motion for Relief from Deadline (Dkt. 19), Plaintiff's "Notice of Motion Renoted For Motion to Compel Re-Noted on Motion Calander [sic] (Dkt. 26), and Plaintiff's "Notice of Motion(s) Renoted for Summary Judgment, Injunction, To Quash, Default Judg. Re-Noted on Motion Calander [sic] (Dkt. 27). The Court has considered the pleadings filed regarding these motions and the record.

**I.　FACTS**

On April 28, 2011, Plaintiff filed this action, *pro se*, against "Bank of America Home Loans, Inc." Dkt. 1. The case involves a note and deed of trust related to real property located in Brush Prairie, Washington. *Id.* Plaintiff alleges in his Complaint that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 and 2607; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the "Revised Code of Washington;" and the "Uniform Commercial Code." Dkt. 1. Plaintiff also makes a claim for fraud, including mail fraud, and defamation. Dkt. 1. The Complaint seeks declaratory relief, injunctive relief, damages, attorneys' fees and costs. Dkt. 1.

A Notice of Appearance was filed for BAC on June 13, 2011. Dkt. 10. BAC states that it is defending this matter and that it is being erroneously sued as "Bank of America Home Loans, Inc. Headquarters." *Id*.

On June 27, 2011, Plaintiff filed a Motion for Summary Judgment and noted it for consideration on July 29, 2011. Dkt. 12. Plaintiff argues that "Bank of America Home Loans Servicing LP" is a "fictitious name, NOT Bank of America Home Loans, Inc., . . . which is named in this suit." *Id.* Plaintiff "objects to this appearance since no evidence exist [sic] in the record that Lane Powell has actually been employed by Bank of America Home Loans Inc. . . . or that any nexus truly exist [sic] between the real party named in this case and the fictitious name." *Id.* Plaintiff's objection is based on the alleged failure to have a hearing "per FCRP 19." *Id.*

Plaintiff filed a Motion for Declaratory Judgment and Permanent Injunction on June 27, 2011, and noted that motion for consideration on July 29, 2011. Dkt. 13. Plaintiff, in part, argues that he is "entitled to a declaratory judgment and a permanent injunction enjoining the Defendant from all collection activities on said note." *Id.,* at 6. Plaintiff also seeks to enjoin

1 | Defendant from reporting to any credit bureaus on this note, attempting to accelerate or foreclose
2 | on said note or deed of trust, and from further contacting Plaintiff and/or from communicating
3 | with a third party about this note and its debt. *Id.*

4 | BAC filed a Motion to Dismiss on July 5, 2011. Dkt. 15. BAC's Motion to Dismiss was
5 | noted for July 29, 2011. *Id.* BAC argues that Plaintiff's claims are barred by *res judicata*/claim
6 | preclusion and should be dismissed. *Id.*

7 | On July 6, 2011, Plaintiff filed a Motion for Default Judgment, and noted the motion for
8 | July 29, 2011. Dkt. 17. Plaintiff again asserts that BAC is a "fictitious name" and seeks default
9 | against "Bank of America Home Loans, Inc." for failing to appear or otherwise answer. Dkt. 17.
10 | Plaintiff filed a pleading entitled "Motion to Quash Defendant's Motion to Dismiss," in which
11 | Plaintiff argues that *res judicata* does not apply to this case. Dkt. 18. Plaintiff noted this motion
12 | for July 29, 2011. *Id.* Plaintiff also filed a "Motion for Sanctions" against Defendant's attorney
13 | for "fraud in pleadings upon this Court," and noted this motion for July 29, 2011. Dkt. 18-2.
14 | Plaintiff's motion for sanctions is related to pleadings BAC filed in support of its Motion to
15 | Dismiss. *Id.*

16 | BAC filed a combined opposition to Plaintiff's motion for a default judgment (Dkt. 17),
17 | motion to quash motion to dismiss (Dkt. 18), and motion for sanctions (Dkt. 18-2). Dkt. 23.

18 | Plaintiff filed a Motion to Compel on July 19, 2011, and did not note the motion. Dkt.
19 | 22. Plaintiff then filed a pleading entitled "Notice of Motion Renoted for Motion to Compel Re-
20 | Noted Motion Calander: [sic] August 19, 2011." Dkt. 26. Plaintiff moves to note his motion to
21 | compel (Dkt. 22) for August 19, 2011. *Id.*

22 | On July 27, 2011, Plaintiff filed a pleading entitled "Notice of Motion(s) Renoted for
23 | Summary Judgment, Injunction, to Quash, Default Judg. Renoted on Motion Calander [sic]:

September 9, 2011." Dkt. 27. Plaintiff moves for the following motions to be renoted: Plaintiff's Motion for Summary (Dkts. 12 and 14), Plaintiff's Motion for a Permanent Injunction (Dkt. 13), Plaintiff's [sic] Motion to Dismiss (Dkt. 15) (this motion was not filed by Plaintiff, but refers to BAC's Motion to Dismiss), Plaintiff's Motion for Default Judgment (Dkt. 17), and Plaintiff's Motion to Quash Defendant's Motion to Dismiss (Dkt. 18). Dkt. 27. BAC filed an opposition to Plaintiff's motion to renote these motions. Dkt. 28.

This opinion will address BAC's motion for relief from a deadline (Dkt. 19) and Plaintiff's motions to renote motions (Dkts. 26 and 27).

## II. DISCUSSION

### A. BAC'S MOTION FOR RELIEF FROM DEADLINE

BAC moves for an order extending the deadline for the parties to exchange initial disclosures (July 26, 2011) and submit a joint status report (August 2, 2011) in light of the pending dispositive motions. Dkt. 19.

BAC's motion for relief from a deadline should be granted. Plaintiff does not oppose the extension of time. The deadline for parties to exchange initial disclosures should be reset to August 30, 2011. The due date for the joint status report should be extended to September 6, 2011.

### B. PLAINTIFF'S MOTIONS TO RENOTE MOTIONS

Pursuant to Fed. R. Civ. P. 6 (c)(1)(C), the Court may, on motion and for good cause, renote a motion for a different time.

Plaintiff's motion to renote his motion to compel (Dkt. 22) for August 19, 2011 (Dkt. 26) should be granted. No opposition was filed to the motion to renote the motion to compel.

Plaintiff's motion to renote the following motions: Plaintiff's Motion for Summary (Dkts. 12 and 14), Plaintiff's Motion for a Permanent Injunction (Dkt. 13), BAC's Motion to Dismiss (Dkt. 15), Plaintiff's Motion for Default Judgment (Dkt. 17), and Plaintiff's Motion to Quash Defendant's Motion to Dismiss (Dkt. 18) to September 9, 2011, should be denied. Plaintiff fails to articulate good cause to renote the motions, particularly for such a late date.

In the interest of fully and fairly considering the merits of this case, the following motions should be renoted for August 12, 2011: Plaintiff's Motion for Summary (Dkts. 12 and 14), Plaintiff's Motion for a Permanent Injunction (Dkt. 13), BAC's Motion to Dismiss (Dkt. 15), Plaintiff's Motion for Default Judgment (Dkt. 17), and Plaintiff's Motion to Quash Defendant's Motion to Dismiss (Dkt. 18). Further, Plaintiff's "Motion for Sanctions" against Defendant's attorney for "fraud in pleadings upon this Court," (Dkt. 18-2) should be renoted to August 12, 2011, because all these matters should be considered together. The parties may, if they wish, file a last responsive pleading to all the above motions on or before August 12, 2011. Any such pleading should be limited to 6 pages.

### III. ORDER

- Bank of America Home Loans Servicing LP's Motion for Relief from Deadline (Dkt. 19) **IS GRANTED**; The deadline for parties to exchange initial disclosures **IS RESET** to **August 30, 2011**; The joint status report **SHALL BE FILED** by **September 6, 2011**.
- Plaintiff's "Notice of Motion Renoted For Motion to Compel Re-Noted on Motion Calander [sic] (Dkt. 26) **IS GRANTED**; Plaintiff's motion to compel (Dkt. 22) IS **RENOTED** for **August 19, 2011**.

- o Plaintiff's "Notice of Motion(s) Renoted for Summary Judgment, Injunction, To Quash, Default Judg. Re-Noted on Motion Calander: [sic] September 9, 2011" (Dkt. 27) **IS DENIED.**
- o The following motions are **RENOTED** to **August 12, 2011**: Plaintiff's Motion for Summary (Dkts. 12 and 14), Plaintiff's Motion for a Permanent Injunction (Dkt. 13), BAC's Motion to Dismiss (Dkt. 15), Plaintiff's Motion for Default Judgment (Dkt. 17), Plaintiff's Motion to Quash Defendant's Motion to Dismiss (Dkt. 18) and Plaintiff's "Motion for Sanctions" against Defendant's attorney for "fraud in pleadings upon this Court" (Dkt. 18-2). The parties may, if they wish, file a last responsive pleading to all the above motions on or before **August 12, 2011**. Any such pleading should be limited to **6** pages.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of August, 2011.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge