1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

DANIEL G SZMANIA,

CASE NO. 11-5330 RJB

10

Plaintiff,

ORDER ON PLAINTIFFS MOTION
TO STAY CASE, DEFENDANTS
MOTION FOR SUMMARY
JUDGMENT, AND VARIOUS
OTHER MOTIONS

11

v.

12

BANK OF AMERICA HOME LOANS,
INC., (BAC),

13
14

Defendant.

15        This matter comes before the Court on Plaintiff's Motion for Immediate Stay Until

16  Certified Questions Regarding the [Mortgage Electronic Recording System] Legality in

17  [Washington] is Resolved (Dkt. 49), Plaintiff's motion under Rule 56 (d) for more time for

18  discovery (Dkt. 54), Defendant Bank of America, N.A.'s Motion for Summary Judgment (Dkt.

19  50), and Defendant Bank of America, N.A.'s Motion to Compel Plaintiff's Attendance at

20  Deposition (Dkt. 57).  The Court has considered the pleadings filed regarding the motions, the

21  remaining record, and is fully advised.

22        This case involves a promissory note secured by a deed of trust related to real property

23  located in Brush Prairie, Washington.  Dkt. 1.  Plaintiff first attempted to stop Defendant's

24

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 1

1  foreclosure on his home in the Washington State Courts, and having been unsuccessful, he filed

2  this action, *pro se*. *Id.*

3          I.        **FACTS AND PROCEDURAL HISTORY**

4      **A.  BACKGROUND FACTS**

5          The facts and procedural history are in this Court's Order on Motions (Dkt. 35 at 1-8),

6  Order on Amended Complaint (Dkt. 37, at 1-3), Order Denying Plaintiff's Motion to Order

7  Defendant to Deposit $25,000,000 and to Strike (Dkt. 47, at 1-4), and the Order Denying

8  Plaintiff's Motions to Renote Motion to Vacate Assignment of Deed of Trust and Motion to

9  Vacate Assignment of Deed of Trust (Dkt. 62, at 1- 4) and are adopted here by reference.  For

10  ease of understanding, some facts are repeated here.

11          On February 8, 2011, the Washington State Court of Appeals, Division II, in an

12  unpublished opinion, affirmed the decision of the Clark County, Washington Superior Court

13  which dismissed Plaintiff's case against the then loan servicer, Countrywide Home Loans, Inc.

14  *Szmania v. Countrywide Home Loans, Inc.,* 160 Wash.App. 1002 (2011) ("*Szmania I*").

15          On August 30, 2011, Defendant's Motion to Dismiss Plaintiff's Complaint, as barred by

16  *res judicata*, was granted.  Dkt. 35.  As is relevant here, that Order further held:

17          To the extent Plaintiff makes claims under RESPA, the FDCPA and for fraud or
           other statutes, based on events occurring before July 9, 2009, in this case, the
18          claims are identical to the claims that were raised in *Szmania I,* (or could have
           been raised) and should be dismissed as barred by *res judicata*.  The issues were
19          the same, the parties or their privities identical, and the case ended in a final
           judgment on the merits.  No injustice would result from application of the
20          doctrine.  Likewise, to the extent Plaintiff bases his claims on the allegation that
           Defendant does not have "authority" to collect on the Note, report delinquencies to
21          the credit agencies, or act as his loan servicer, his claims should be dismissed as
           barred by *res judicata*.  To the extent that Plaintiff makes claims based on his
22          allegation that Defendant is violating various statutes by continuing to report to
           various credit agencies that he is delinquent on his account based on the amounts
23          due before the July 9, 2009, final judgment, his claims should be dismissed as
           barred by *res judicata*.

24  ORDER ON PLAINTIFF'S MOTION TO STAY
   CASE, DEFENDANT'S MOTION FOR
   SUMMARY JUDGMENT, AND VARIOUS
   OTHER MOTIONS- 2

Dkt. 35.  Plaintiff was given an opportunity to file an amended complaint, and the Defendant's

motion to dismiss based on *res judicata* was renoted so that the allegations in the amended

complaint could be considered in light of the record and the prior Order.  *Id.*

On September 7, 2011, Plaintiff filed an Amended Complaint.  Dkt. 36.  He again alleged

that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605

and 2607; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and references

various state statutes including, for example, "RCW 19.36.010 Contracts etc. void unless in

writing," "RCW 19.86.020 Unfair competition, practices declared unlawful," "19.86.030 Contracts,

combinations, conspiracies in restraint of trade declared unlawful," and "RCW 62A.3-309

Enforcement of lost, destroyed or stolen instrument."  *Id.*  The Amended Complaint seeks

declaratory relief, injunctive relief, damages, attorneys' fees and costs.  *Id.*

On September 13, 2011, a majority of Plaintiff's claims were again dismissed as barred by

*res judicata*.  Dkt. 37.  Plaintiff's case was permitted to continue on a few claims, however.  The

Order provided that:

> Plaintiff does state that "Defendant in the course of this action and in
> conducting its business have made numerous misrepresentations and have failed
> to disclose material terms" which violate RCW 19.86.020, RESPA, FCRA and
> FDCPA.  Dkt. 36, at 4.  Plaintiff alleges that Defendant has engaged in "numerous
> unfair practices" which violate RCW 19.86.020, RESPA, FCRA and FDCPA.  *Id.*
> Although it is unclear whether these allegations would be sufficient under *Iqbal*
> and *Twombly*, these claims can't be wholly dismissed based on *res judicata*.
>
> Further, Plaintiff alleges that he "strongly disputes the amounts owed to the
> Defendant."  Dkt. 36, at 7.  He alleges that he has a bill dated May 27, 2011, that
> shows a past due amount of $23,954.59, a bill dated August 31, 2011, that shows
> $167,450.59 past due, and bill dated September 1, 2011, that shows a past due
> amount of 67,167.84.  Dkt. 36, at 7.  At this stage in the case, this claim can not
> be dismissed based on *res judicata*.

Dkt. 37.

1    Parties filed a Joint Status Report (Dkt. 38), are engaging in discovery, and trial is set to

2    begin on April 30, 2012 (Dkt. 39).

3    **B.  PENDING MOTIONS**

4    Plaintiff moves for a stay of the case until the Washington State Supreme Court can issue

5    its decisions on cases related to MERS's authority to act under Washington law.  Dkt. 49.

6    Defendant opposes the motion.

7    Defendant moves for summary dismissal of all Plaintiff's claims.  Dkt. 50.  Defendant

8    argues that Plaintiff's claims for violation of RESPA should be dismissed because Plaintiff did

9    not submit a qualified written request as it is defined under RESPA, Plaintiff has not shown that

10   Defendant has violated RESPA in some other manner, and Plaintiff has not shown or even

11   alleged that he has been harmed by the asserted RESPA violations.  Dkts. 50 and 64.  Defendant

12   argues that Plaintiff's FDCPA's and FCRA claims should be dismissed because they are based on

13   the notion that Defendant does not have authority to collect on the note, an argument which has

14   been repeatedly rejected in this case by the Court.  *Id.*  Further, Defendant argues that it is not a

15   "debt collector" under the FDCPA.  *Id.*  Defendant moves for dismissal of Plaintiff's Washington

16   Consumer Protection Act, RCW 19.86.010 *et. seq.,* claim because Plaintiff's claim is based on

17   violations the federal statutes and fail as a matter of law.  Lastly, Defendant moves for dismissal

18   of Plaintiff's remaining state law claims.  *Id.*

19   Plaintiff responds (Dkts. 50 and 54) and argues that there are genuine issues of material

20   fact on his federal claims because:  1) Defendant does not have authority to collect on his note

21   with E-Loan, 2) MERS may not be able to act as a beneficiary and so its transfer of his note and

22   deed of trust may be invalid (it could be "fraud"), 3) he sent two "QWRs" and request to "validate" the

23

24
ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 4

1  debt to Defendant and so has claims under RESPA and FDCPA, and 4) the "note is no longer a

2  negotiable instrument under the U.C.C. and has become an unsecured debt." *Id.*

3       In response to Defendant's motion to dismiss his state law claims, Plaintiff asserts that

4  Defendant's actions, in general and in rejecting his partial payments, are "illegal" and are

5  "fraudulent." *Id.*  He states, "[a]lso this is concise list of numerous misrepresentations, failures to

6  disclose material facts and numerous unfair practices in violation of RCW19.86.020, RESPA,

7  FCRA and FDCPA." *Id.*  Plaintiff also makes reference to his need to do extensive discovery,

8  which should be construed as a motion under Fed. R. Civ. P. 56(d) to continue the summary

9  judgment motion until more discovery can be done.  *Id.*

10       Lastly, Defendant moves to compel Plaintiff's attendance at a deposition and for fees for

11  Plaintiff's failure to appear at his scheduled deposition on December 23, 2010.  Dkt. 57.

12       Plaintiff opposes the motion. Dkt. 60.  He argues that he did not attend the deposition

13  because his power was off.  *Id.* He states that he called and told Defendant that.  *Id.*  He states

14  that in any event, he would have objected to the deposition as "being done in bad faith and to

15  harass Plaintiff" and terminated it immediately.  Dkt. 60, at 3.

16       Each motion shall be addressed in turn.

17                        **II.**   **DISCUSSION**

18  **A.  PLAINTIFF'S MOTION TO STAY**

19      Fed. R. Civ. P. 16 (b)(4) provides, that a "schedule may be modified only for good cause and

20  with the judge's consent."

21       Plaintiff's motion to stay the case (Dkt. 49) should be denied.  Plaintiff moved for a stay in

22  his Motion to Vacate Assignment of Deed of Trust (Dkt. 48), which was noted for consideration

23  one week before the instant motion was noted.  In the Order Denying the Motion to Vacate

24

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 5

1   Assignment of the Deed of Trust (Dkt. 62), this Court found that Plaintiff had failed to show

2   good cause for a stay.  In discussing the upcoming Washington Supreme Court decisions

3   regarding MERS, this Court noted:

> Plaintiff reasons that the motion to vacate assignment of his deed of trust should not be considered until the Washington State Supreme Court has an opportunity to consider certain cases related to whether MERS has authority to act under Washington law.  In light of the fact that the Superior Court of Clark County Washington and Washington Court of Appeals, Division II, have already ruled on whether there was an invalid assignment of Plaintiff's deed of trust to the Defendant here, and the Washington Supreme Court denied review on his case, Plaintiff makes no showing that a decision by the Washington Supreme Court on these cases would impact his case.

9   Dkt. 62, at 5.  Plaintiff's current motion to stay his case offers no new basis for a stay.  He has

10  failed to show that any of the MERS issues before the Washington Supreme Court impact his

11  case.  He has not articulated good cause for a modification of the case schedule and his motion to

12  stay should be denied.

13  **B.  PLAINTIFF'S MOTION TO DEFER AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

14

15      1.  <u>Summary Judgment Standard</u>

16      Summary judgment is proper only if the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the

17  movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is

18  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

19  showing on an essential element of a claim in the case on which the nonmoving party has the

20  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

21  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

22  for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

23  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

24

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 6

1    metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

2    material fact exists if there is sufficient evidence supporting the claimed factual dispute,

3    requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

4    *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

5    *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

6           The determination of the existence of a material fact is often a close question.  The court

7    must consider the substantive evidentiary burden that the nonmoving party must meet at trial–

8    e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect.*

9    *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

10   of the nonmoving party only when the facts specifically attested by that party contradict facts

11   specifically attested by the moving party.  The nonmoving party may not merely state that it will

12   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

13   to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

14   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be

15   "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

16           2.  <u>Plaintiff's Motion to Defer the Defendant's Motion for Summary Judgment</u>

17           Plaintiff states in his motion that "the Defendant's motion [for summary judgment] is

18   premature sense [sic] Discover [sic] is only beginning in this case and the Plaintiff now humbly

19   realizes his need to do extensive Discover [sic] before trial." Dkt. 54, at 1.

20           These references to discovery should be construed as a motion pursuant to Rule 56 (d).

21   Under Rule 56 (d)(1), if a nonmoving party shows that, for specified reasons, it cannot present

22   facts essential to justify its opposition to a motion for summary judgment, the court may defer

23   considering the motion.  To prevail under this Rule, parties opposing a motion for summary

24

judgment must make "(a) a timely application which (b) specifically identifies (c) relevant

information, (d) where there is some basis for believing that the information sought actually

exists." *Blough v. Holland Realty Inc.*, 574 F.3d 1084, 1091(9th Cir. 2009)*(citing Employers*

*Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30

(9th Cir.2004)).  The burden is on the party seeking additional discovery to proffer sufficient

facts to show that the evidence sought exists, and that the additional evidence would prevent

summary judgment.  *Id.*  (*citing Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th

Cir.2001)).

        To the extent Plaintiff makes a Rule 56 (d) motion, the motion should be denied.

Plaintiff has not "specifically identified relevant information" that would support his opposition to

the motion and he has not shown that there "is some basis for believing that the information

sought actually exists." *Blough,* at 1091.  His motion should be denied.

        3.   <u>Defendant's Motion for Summary Dismissal of all Plaintiff's Remaining Claims</u>

        Defendant moves to summarily dismiss Plaintiff's remaining claims.  Dkt. 50.  Each claim

will be reviewed in turn.

              *a.   RESPA Claim*

        "Congress enacted the Real Estate Settlement Procedures Act in 1974 to protect consumers

from abusive practices in mortgage closings." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635

F.3d 401, 417 (9th Cir. 2011).  RESPA provides in pertinent part:

> If any servicer of a federally related mortgage loan receives a qualified written
> request from the borrower (or an agent of the borrower) for information relating
> to the servicing of such loan, the servicer shall provide a written response
> acknowledging receipt of the correspondence within 20 days (excluding legal
> public holidays, Saturdays, and Sundays) unless the action requested is taken
> within such period.

12 U.S.C. § 2605 (e)(1)(A).  A "Qualified Written Request" ("QWR") is defined as a written document including the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605 (e)(1)(B).  When a loan servicer receives a QWR, RESPA requires that:

> Action with respect to inquiry:  Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall
> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605 (e)(2).

In his Response, Plaintiff alleges that he sent two letters to Defendant, each of which he asserts was a QWR, on December 8, 2010 (Dkt. 2, at 38) and on December 22, 2010 (Dkt. 3, at 7).  Dkt. 54.

1    Defendants' motion to summarily dismiss Plaintiff's RESPA claim should be granted.

2    Plaintiff has failed to show that the two December 2010 letters sent by Plaintiff to Defendant

3    were QWRs as contemplated under RESPA.  Under RESPA, a QWR "includes a statement of the

4    reasons for the belief of the borrower, to the extent applicable, that the account is in error or

5    provides sufficient detail to the servicer regarding other information sought by the borrower." 12

6    U.S.C. § 2605 (e)(1)(B).  The December 8, 2010, letter states that:

7           Bank of America BAC does NOT:
         1) Have any legal standing to any mortgage with me!

8        2) Has never been given permission to collect payments [sic] or service any loans
            from any note holders that I currently have a mortgage with!

9        3) No proper RESPA notices per U.S. Code; Title 12, 2605, was sent from the
            original note holder/mortgage company to you and me within the prescribed 30

10          days!
         4) I do not have any signed, executed mortgage contracts with Bank of America,

11          BAC!

12   Dkt. 2, at 38.  Plaintiff then demands that Defendant "CEASE & DESIST" all collection activity

13   and "credit reporting" regarding his loan.  *Id. (emphasis in original).*  Similarly, his December 22,

14   2010 letter to Defendant, after acknowledging that Defendant responded to his December 8,

15   2010 letter, Plaintiff writes, in part:

16          In this letter you have failed to prove any PRIVITY back to E-Loan (the original
            note maker) that Bank of America, herein after BAC, has any legal right to collect

17          payments on a note that I have with E-Loan, dated November 6, 2006.
            All you did was enclose copies of said note and deed which does not prove BAC

18          has a legal standing to collect payments!  All it proves is either you have a copy
            machine or you ordered my public records from a title company, which any one

19          can do.
            Per FDCPA 15 USC Chapter 41, section 1692g, (a)(4)(5), I demand validation &

20          verification of this debt that Bank of America has the right to collect in total
            PRIVITY back to E-Loan!  Along with all the requirements of this law.

21          This QWR "triggers" BAC obligation to properly verify this debt collection.

22   Dkt. 3, at 7-9 *(emphasis in original).*  Plaintiff's letters do not offer any reasonable "statement of

23   the reasons for [Plaintiff's] belief . . . that [his] [mortgage] account is in error" as is required under

24

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 10

RESPA.  *See  Eifling v. National City Mortg.*, 2011 WL 893233 (W.D. Wash. 2011)(rejecting letter from borrowers because it failed to contain specific reasons why they felt their account was in error, was a general inquiry regarding the account, and was a broad request for several categories of documentation).  Instead the letters attack Bank of America's authority to collect payments - to act as his servicer.  Aside from the fact that this Court has already ruled that this factual premise for any and all claims is barred by *res judicata* (Dkt. 35, at 13-23) neither of these letters meet the first definition of a QWR.

Further, Plaintiff's letters fail to meet the QWR's requirement that it "provide sufficient detail to the servicer regarding other information sought by the borrower." Plaintiff's letters requests proof that Bank of America has authority to act as the loan servicer and requests several other documents.  *Id.*  Plaintiff makes no showing that this type of broad request for any and all documents was the type of request covered under RESPA.  This letter, like the letter in *Eifling*, should not be construed as a QWR.  Plaintiff cites no authority to the contrary.

Additionally, even assuming that Plaintiff's letters are QWRs under RESPA, Plaintiff has not mentioned any concrete injury he suffered.  He acknowledges that Defendants responded.  Dkt. 3, at 7.  His RESPA claim should be dismissed.

To the extent that Plaintiff now appears to base his RESPA claim on the allegation that MERS does not have a beneficial interest in the note, his claim should be dismissed.  He offers no authority for the contention that MERS was without authority to make the assignments of which he complains.  Plaintiff is merely attempting to state a legal conclusion, without any reasoning to support such a conclusion.  This issue has been repeatedly raised and rejected by several courts in this district, including this Court.  *Dooms v. Cal-Western Reconveyance Corp. of Washington*, 2011 WL 5592760 (W.D. Wash. 2011); *Rhodes v. HSBC Bank USA N.A.*, 2011

1   WL 3159100 (W.D. Wash. 2011); *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL

2   2102485 (W.D. Wash. 2010); *Vawter v. Quality Loan Service Corp. of Washington*, 707

3   F.Supp.2d 1115, 1125-1126 (W.D. Wash. 2010).  This Court agrees with the reasoning set forth

4   in those cases.  Further, as pointed out in *Rhodes*, in exchange for the loan on the property,

5   Plaintiff signed the note and deed of trust which provided underlying security for the obligation

6   due under the note.  He agreed that MERS had the authority to act as a beneficiary under the

7   deed of trust (Dkt. 2, at 7)–"such authority was explicitly granted by Plaintiffs upon execution of

8   the instrument." *Rhodes*, at 4.  In this case, Plaintiff "specifically agreed to MERS' role as

9   beneficiary under the deed of trust" he signed and agreed that MERS could assign its interests, in

10  whole or in part, and that the Note could be sold.  *Id.*  Plaintiff fail to allege a "cognizable legal

11  theory" under which he would be entitled to relief under RESPA, and the RESPA claim should be

12  dismissed with prejudice. *Balistreri,* at 699.

13      To the extent that Plaintiff bases his RESPA claim on the notion that he had to be notified

14  each time his note and deed of trust was sold, Plaintiff offers no authority for such a claim.  To

15  the extent he argues his claim is based on a failure to notify him when his loan servicer changed,

16  this claim should also be dismissed.  As stated in the August 30, 3011 Order of this Court (Dkt.

17  35, at 6-7), Plaintiff attached to the Complaint a copy of the letter from E-Loan to him stating

18  that Countrywide Home Loans was his new servicer (Dkt. 2-1, at 2), and then attaches letters

19  from Defendant (whom he acknowledges purchased Countrywide and then retired the name)

20  notifying him that they were his loan servicer (Dkt. 2 at 33; Dkt. 2-1, at 18; Dkt. 4 at 2, 9, 13,

21  67).  His RESPA claim should be dismissed with prejudice.

22          *b.  FDCPA Claim*

23      Under the FDCPA, 15 U.S.C. 1692g,

24
ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 12

(a) Notice of debt; contents; Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Plaintiff here fails to show that the Defendant violated the FDCPA.  Plaintiff relies on his argument that Defendant does not have "authority" to collect on the note, which is without merit as is discussed above.  He does not deny that Defendant responded to his letters.  His claim should be dismissed.  Defendant's remaining arguments regarding this claim need not be addressed.

> *c.   FCRA Claim*

Under 15 U.S.C. 1681s-2(b) of the FCRA, when an entity like Defendant that furnishes credit information, receives notice from a consumer that the debt is disputed, the furnisher of the disputed information has four obligations.  *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002).  The furnisher must conduct an investigation with respect to the disputed information, review all relevant information provided by the credit reporting agency,

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 13

1    report the results of its investigation, and if the investigation finds the information is incomplete

2    or inaccurate to report those results.  *Id*.

3        Plaintiff again relies on his argument that Defendants did not have the authority to collect

4    payments on his Note with E-Loan.  His argument is meritless and barred by *res judicata*.

5    Further, he makes no showing that Defendant violated the FCRA.  His claim should be

6    dismissed.

7        Plaintiff alleges in his Complaint and re-argues in his Responses (Dkts. 54 and 59), that

8    Defendant has erroneously reported the amounts due on his loan.  Plaintiff submits various

9    documents from his account and then argues the amounts shown on the credit reports are

10   different.  *Id*.

11       Attached to Defendant's motion for summary judgment is the Declaration of Scott Horowitz,

12   who declares that he has personal knowledge of the records Defendant keeps in the regular

13   course of its business.  Dkt. 51.  He explains the discrepancy Plaintiff points to as follows:

14   > The reason for the discrepancy between the various documents presented by
   > Szmania is that the online screenshots showing the lesser amount captured past
15   > due principal and interest only.  Those reports show past due escrow and late fees
   > in another area of the website, which Szmania did not include in his materials.
16   > When [Defendant] reports to the credit agencies, the report includes all past due
   > amounts including principal, interest, late fees, and escrow. . . . The reason [sic]
17   > for the discrepancy between August 31, 2011, branch loan printout and the
   > September 4, 2011, Equifax credit report is because [Defendant] only reports to
18   > the credit reporting agencies amounts that are past due for 90 days.  Accordingly,
   > the September 4, 2011, Equifax report would not include past due amounts that
19   > accrued to the loan within the previous 90 days.

20   Dkt. 51, at 1-2.  Plaintiff offers no evidence to contradict Defendant's evidence.  Plaintiff simply

21   reasserts the same arguments that were in his Amended Complaint.  His FCRA claim should be

22   dismissed.

23           *d.  Washington CPA  - State Law Claim*

24

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 14

To get relief under Washington's CPA, a plaintiff must show five elements:  (1) an unfair or deceptive act or practice; (2) in the conduct of trade or commerce; (3) which impacts the public interest; (4) injury to the plaintiffs in their business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered.  *Mason v. Mortgage America, Inc.,* 114 Wash.2d 842, 852, 792 P.2d 142 (1990) (*citing Hangman Ridge Training Stables v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 (1986)).

Plaintiff does not point to any evidence to support any of the elements of his CPA claim. He has not shown he is entitled to relief under the CPA.  Plaintiff's CPA claim should be dismissed with prejudice.

### e.  Other State Law Claims

In response to Defendant's motion to dismiss his state law claims, Plaintiff asserts that Defendant's actions, in general and in rejecting his partial payments, are 'illegal' and are 'fraudulent.'  *Id.*  He states, "[a]lso this is concise list of numerous misrepresentations, failures to disclose material facts and numerous unfair practices in violation of RCW19.86.020 RESPA, FCRA and FDCPA."  *Id.*  Plaintiff also references 'contracts' and some Washington statutes in his Amended Complaint.  Dkt. 36.

It is unclear whether Plaintiff intended to make additional state law claims.  To the extent that he does, Plaintiff has failed to provide any evidentiary support for them, much less clearly identify them.  His claims should be dismissed.

### f.  Conclusion on Defendant's Motion for Summary Judgment

Defendant's motion for summary judgment (Dkt. 50) should be granted.  All Plaintiffs remaining claims should be dismissed.

## C.  DEFENDANT'S MOTION TO COMPEL

1    Under Fed. R. Civ. P. 37 (d)(1), the court may award sanctions where a party fails to attend

2    their own deposition.  Sanctions may include "reasonable expenses, including attorneys fees,

3    caused by the failure, unless the failure was substantially justified or circumstances make an

4    award of expenses unjust." Fed. R. Civ. P. 37 (d)(3).

5    Defendant moves to compel Plaintiff's attendance at a newly scheduled deposition and for

6    $1,915.00 in sanctions for Plaintiff's failure to attend his December 23, 2010, deposition.  Dkt.

7    57.  Plaintiff argues that he could not attend because his power was out and could not get his car

8    out of the garage or get the gate to his community open.  Dkt. 60.

9    Defendant's motion to compel Plaintiff's attendance at a deposition should be denied as moot.

10   This case has now been dismissed with prejudice.  Defendant's motion for sanctions should also

11   be denied.  Although Plaintiff's excuse for failing to attend his own deposition was thin,

12   considering the posture of the case, the "circumstances make an award of expenses unjust."

13                                    **III.    <u>ORDER</u>**

14   Accordingly, it is hereby **ORDERED** that:

15   o   Plaintiff's Motion for Immediate Stay Until Certified Questions Regarding MERS

16       Legality in WA is Resolved (Dkt. 49) **IS DENIED**;

17   o   Plaintiff's motion under Rule 56 (d) (Dkt. 54) **IS DENIED**;

18   o   Defendant Bank of America, N.A.'s Motion for Summary Judgment (Dkt. 50) **IS**

19       **GRANTED**;

20   o   Plaintiff's remaining claims are **DISMISSED**;

21   o   Defendant Bank of America, N.A.'s Motion to Compel Plaintiff's Attendance at

22       Deposition (Dkt. 57) **IS DENIED**.

23

24

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 16

1        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2   to any party appearing *pro se* at said party's last known address.

3        Dated this 26th day of January, 2012.

4

5                                     _____

6                                ROBERT J. BRYAN
                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION TO STAY
CASE, DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND VARIOUS
OTHER MOTIONS- 17